| 10 | 365 |
| 110 | 444 |

10 365
d142 636

## DUBOSE v. YOUNG & McDOWELL.

1. The clerk of the county court is authorized by statute to certify the time when a deed was deposited for record, although in point of fact it is not recorded within the time prescribed by law; and the deposit so certified as equivalent to its record within time.

2. When a certificate that a deed is duly recorded misdescribes the name of the grantor, by substituting another name, the certificate is of no value, as it does not correspond with the deed, and that although the terms, "the foregoing deed," are used.

Writ of error to the Circuit Court of Marengo.

ACTION of detinue by Young and McDowell against Dubose to recover a slave.

At the trial, the plaintiff made title under a deed of trust, conveying the slave to them for certain purposes, executed by Samuel D. Carter, on the 3d of October, 1838. The deed also conveyed land, and was acknowledged on the day of its date, before a justice of the peace. On the deed was a memorandum in these words, to wit:

"Samuel D. Carter, deed in trust. Rec'd in office for record on the 5th day of October, 1838. ASA ROBINSON, Cl'k."

Also, a certificate in these words, to wit:

"The State of Alabama, Marengo county. I, Asa Robinson, clerk of the county court, in and for said county, do hereby certify, that the foregoing deed in trust from *James Goodwin and wife*, Levi W. Young and Joseph McDowell, trustees for J. B. Cook, cashier of the Farmers' Banking Association, was received in office for record the 5th October, 1838, and was this day duly recorded, with the certificate of acknowledgement, and relinquishment of dower in the registry of the county, book F, page 298. Given under my hand and seal of office, at office, the 25th January, 1839.

(L. S.) ASA ROBINSON, Cl'k."

The defendant objected to the deed as evidence, because it did not appear the same was recorded within the time required by law. The court overruled this objection.

To prove when the deed was deposited for record, the plaintiff proposed to read the certificate above stated. The defendant insisted that the deposit should be proved by evidence *aliunde*. The court overruled the objection, and let in the deed, upon proof that the name of the clerk was in the hand-writing of the deputy clerk.

The defendant made title to the slave in controversy under a purchase from the sheriff, selling under an execution against Carter, the lien of which attached the 5th December, 1838. The sale was made after July, 1839. He also proved, that before the purchase, he and his attorney examined the record of the said deed of trust, and there was no evidence on the record, or its margin, when the deed was deposited. The record book was also produced, and indicated the same absence. He also proved that no notice was given at the sale of the record, or of the deposit of the deed for record, other than appeared from the record book.

The court charged the jury, that the deed of trust under which the plaintiff claimed title was sufficiently recorded: that the deposit of the deed in the proper office, on the 5th of October, 1838, was equivalent to a record at that time; that the fact of deposit was sufficiently proved by the certificate above stated, and that it was unnecessary to prove the fact *aliunde;* that such record and proof were sufficient, although the defendant purchased the slave under the circumstances stated.

The defendant excepted to these several rulings of the court, and they are now assigned as error.

Wm. M. Brooks, for the plaintiff in error, made the following points:

1. The certificate of an officer to an independent fact, is not evidence, unless made so by the statute; therefore the time of deposit should be proved. [Cowen & Hill's Notes, 1044 to 1046, and cases there cited; Waldron v. Creath, 3 Taunt. 162; Roberts v. Eddington, 4 Esp. 88; Drake v. Moneycut, 1 B. & C. 473; Robins v. Townsend, 20 Pick. 345; 2 Sumner, 355; Blucher v. Bond, 3 Wash. C. C. 529; Garwood v. Dennis, 4 Binn. 314; Governor v. Bell, 3 Munf. 331; Wood v. Nabors, 1 Stew. 172; Alston v. Ravises, 5 Ala. R. 300; Bradford v. Dawson, Ib. 203.] None of our statutes warrant the clerk in certifying when a deed was deposited, nor is he required to keep a memorandum of the time.

2. The certificate, if one is allowable, should not refer to a past time, as that is more or less a matter of remembrance

by the clerk, and the party injured by his act, ought to have the opportunity to sift his evidence.

3. The certificate relates to another and different deed, and the circumstance that it is indorsed on this one only proves a mistake, but does not alter the certificate. A word cannot be supplied. [2 Cow. 527; 3 Ib. 406.] Consequently one cannot be substituted.

F. S. LYON, contra, argued—1. The party has no control over the clerk to compel him at once to record a deed. All he can do is to deposit the deed, and the statute directs the officer shall give a certificate of the time when it was received for record. [Digest, 157, § 37.] The deed is effective as a recorded deed, from the time of its deposit for record.— [McGregor v. Hall, 3 S. & P. 397.]

GOLDTHWAITE, J.—1. The counsel for the plaintiff in error, is evidently mistaken, when he supposes our statutes do not authorize the clerk to certify the time when a deed is deposited for record. The act is in these words: " The said clerk shall give a receipt to the person who shall bring any such deed or conveyance, mentioning thereon the time it was delivered to him, or brought to his office to be recorded, the date, the names of the parties to it, and the place where the lands, &c. are situated : the clerk shall certify on, or under such deed of conveyance, the day of the month or year, when he received it, and the name or number of the book or pages in which it is recorded ; and shall, when recorded, deliver it to the party entitled to it, or his order." ' [Digest, 155, § 23.] It is scarcely possible for language to be more definite than this, to invest the clerk with authority to certify the time when the deed is left to be recorded ; and his certificate as to this matter, is entitled to the same respect as it is of the fact of record. The decision made in McGregor v. Hall, 3 S. & P. 397, is conclusive, that the deposit for record, is equivalent, so far as the question is connected with registration, to the recording of the deed.

2. The misdescription of the deed, is a question which does not appear to have been distinctly made in the court below, yet as the court charged the jury, the deposit of the

deed was proved by the certificate, we must look to the entire certificate, and thus we are compelled to pronounce on it as the transcript shows it to be. It then applies to the foregoing deed in trust from James Goodwin and wife, and when the deed is looked to, no such parties appear. It is then clear the clerk was mistaken, either in the deed which he intended to certify, or in the name of the parties executing the deed, which in point of fact, he did certify. Now it seems to us that in this condition of the certificate it is impossible for a court to pronounce in which matter the clerk was mistaken. It may be, it was this deed which he intended to certify, and that he misdescribes it as one from Goodwin and wife; but it is equally possible he has endorsed the certificate due to the deed from that party, upon the one before us. It is certainly true, the rights of parties ought not to depend on strict criticism, when applied to official certificates, and we have repeatedly held, that any part of the deed may be examined to give effect to the certificate. [Bradford v. Dawson, 2 Ala. Rep. 203 ; Hobson v. Kissam, 9 ib. 357 ; see also cases cited in Cowen & Hill's Notes, 1247.] But we have no where been able to find any decisions which warrant a court in rejecting sensible words in a certificate, because they are inconsistent with the deed intended to be certified. On account of the misdescription of the deed, in the certificate, we think the certificate was not evidence, either that the deed was recorded, or deposited for record, and on this ground the judgment must be reversed.

It will be seen, we omit any consideration of the memorandum which seems to have been made on the deed by the clerk. No evidence as to this was given, or question raised in the court below; for the same reasons we forbear to consider whether the plaintiff would be entitled to prove the deposit of the deed by other evidence.

Judgment reversed, and cause remanded.