## MIMS vs. MIMS.

35    23
110   444

35    23
e142  634
142   635
142   636

[BILL IN EQUITY FOR FORECLOSURE OF MORTGAGE.]

1. *Parties to bill for foreclosure of mortgage.*—After mortgaged lands have been sold under execution against the mortgagor, he is not a necessary party to a bill to foreclose the mortgage; nor are his heirs, after his death, necessary parties.

2. *Who may take advantage of insufficient publication against non-resident.*—A defendant, who was a necessary party to the bill, cannot complain on error of the insufficiency of the publication against another defendant, a non-resident, who was not a necessary party.

3. *Mistake in registration of mortgage.*—Under section 1270 of the Code, which makes a conveyance " operative as a record" from the time of its delivery to the proper officer for registration, a mistake of the transcribing officer in recording a mortgage, by which it is made to appear a security for a smaller amount than is actually provided for by it, does not impair its efficiency as against subsequent purchasers and creditors.

Mims v. Mims.

APPEAL from the Chancery Court at Claiborne.
Heard before the Hon. WADE KEYES.

THE bill in this case was filed by Cullen Mims, against
Stanford Mims and the heirs-at-law of John J. Sessions,
deceased ; and sought to foreclose a mortgage on a tract
of land. The mortgage was executed by said Sessions,
on the 14th February, 1855 ; and acknowledged an indebt-
edness on his part to Cullen Mims, "in the sum of one
hundred and twenty-two 40–100 dollars, to be paid on or
before the first day of May next, *and the further sum of
five hundred dollars, to be paid on or before the first day of
January next ;*" which sums it purported to secure. This
mortgage was duly acknowledged before a justice of the
peace, and was filed in the office of the probate judge, for
registration, on the 5th March, 1855 ; but the transcribing
officer, in recording it, omitted the words which are itali-
cized, so that it appeared from the record to be a security
only for the sum of $122 40. On the 2d day of March,
1857, the land was sold by the sheriff of the county under
an execution against Sessions, which was issued on a
judgment rendered in the fall of 1856, and was purchased
at the sale by Stanford Mims, who, in his answer to the
bill, alleged that he had no notice whatever of the mort-
gage, save that which he had derived from an inspection
of the records, and that he bought the land because he
considered it worth more than the sum which the mort-
gage, as recorded, purported to secure ; and he insisted
that he was entitled to protection, except as to that
portion of the mortgage debt. A formal answer was put
in by a guardian *ad litem* for all the infant heirs, and a
decree *pro confesso*, after irregular publication, was entered
against one of the adult heirs, who was a non-resident.
On final hearing, on pleadings and proof, the chancellor
rendered a decree for the complainant, and ordered a sale
of the mortgaged lands; and his decree is now assigned
as error, together with the irregular decree *pro confesso*.

S. J. CUMMING, for appellant.

R. C. TORREY, *contra*.

A. J. WALKER, C. J.—By the sale under execution, the entire interest of Sessions, the mortgagor, passed from him, as fully as it could have done by a sale made by himself.—Code, § 2455. After the entire interest of the mortgagor had thus been transferred to the purchaser at the sale under execution, the mortgagor was .not an indispensable or necessary party defendant to the mortgagee's bill to foreclose the mortgage; and so, after his death, his heirs would not have been necessary parties defendant.—Batre v. Auze, 5 Ala. 173; Story's Eq. Pl. § 197.

[2.] Stanford Mims, the purchaser at the sale under execution, could not have obtained a dismissal of the complainant's bill in the court below, upon the ground that the heirs of Sessions were not made parties, if the bill had omitted to make them parties. He could not object that persons were not made parties, unless those persons were necessary parties. For a like reason, he cannot complain on error that a non-resident, one of the heirs of Sessions, who was not a necessary party, was not brought before the court by a regular publication, filling the requisitions of the statute. He himself was the only necessary defendant, and it is not conceivable that his rights have been in any wise prejudiced by the failure to perfect service by publication in a legal manner as to an unnecessary party.

[3.] Upon the merits of the case, the decree of the chancellor was right. Section 1270 of the Code makes a conveyance "operative as a record" from the day of the delivery to the judge of probate. The object and effect of this section are clearly to place the conveyance, as soon as the grantee has discharged his entire part in procuring the record, by having it properly proved, or acknowledged and delivered to the officer, in the same attitude as if it were spread upon the record book. This statute relieves a party, who has done all that is devolved upon him by the law, from the consequence of the failure of the probate judge to discharge his duty, or of the imperfect manner in which he discharges it. The conveyance being operative as a record from its delivery to the judge,

3

no subsequent mistake of his could deprive it of the operation thus·given it by law. It follows that, under the statute above referred to, the mortgage is not impaired in its efficiency against purchasers or creditors, by the fact that there was a mistake in copying it upon the record, whereby it was made to seem to be a security for a smaller amount than that actually provided for in the mortgage. This view of our statutes renders it unnecessary for us to examine the decisions in McGregor & Darling v. Hall, 3 St. & P. 397; Frost v. Beekman, 1 John. Ch. 288; Beekman v. Frost, 18 Johns. 544.

The decree of the chancellor is affirmed.