DRUMMOND, District Judge.
I shall decide this case entirely upon questions of law. I think, under the conceded facts, that the plaintiff is entitled to recover his land. The legal questions involved are of interest and importance, and some of them, so far as my own knowledge extends, are comparatively new; some of them at least, have not been decided in our own state.
In 1825, Rebecca Clark, a married woman, was the owner of the land in controversy and conveyed it by deed to Elisha Riggs, she being then domiciled in Peoria. The deed was acknowledged in Pennsylvania, and recorded in Peoria county in 1827. It was supposed to have a defective acknowledgment A copy was obtained from the recorder’s office in Peoria, sent on to Philadelphia, and in 1S39 Rebecca Clark acknowledged the instrument to be her act and deed for the purposes therein mentioned, before a proper officer, and he certified accordingly, she then being a widow. This copy of the deed was returned thus certified, and given to the recorder of Peoria county for record. This copy, and the certificate thus given to the recorder were not recorded entire by the recorder, but the recorder, considering that the original deed was upon the record, thought it unnecessary to re-record that, but simply added upon the record the certificates that were thus annexed to the deed, with a reference upon the record to the original deed of 1S25. There is evidence tending to show that she re-signed the copy, but this does not seem to be clear, and I do not think it is mater..il. It seems to me, taking the facts just as they are, without any explanation, and the certificate of the judge before whom the deed was acknowledged, that when she acknowledged at that time that to be her act and deed for the purposes therein mentioned, she gave it effect as a deed. That is the object of an acknowledgment to a deed.
It is said that, being a married woman at the time that she executed her deed in 1S25, it was void. That is true, but this void deed, conceded to be such, was before her when the officer took the acknowledgment. She then acknowledged it to be her act and deed for the purposes therein mentioned, and the necessary legal conclusion from those facts, is that she intended then simply to acknowledge that the deed which was void should be certified in such a way that it should be deemed valid as evidence before the courts of the state, that the fair presumption from all the facts in the case is that she intended to give effect to it as her deed then; and that is the only construction I can give to the certificate of the officer, so that it was not material whether it was a void deed or merely voidable. She, admitting this, could give it effect then as a valid deed. This she did, according to the certificate of the officer; therefore, it was not material, according to the view which I take of it, whether she actually re-signed the deed or not It is not necessary that a party should sign a deed in order to give it effect as his deed. Another party may sign his name, and if he adopts it and acknowledges it as his signature, it takes effect as his deed just as completely as though he had- executed it himself. The only object of the signature is, of course, to show that the party does execute the deed and avow it as his instrument for the purpose stated.
The next question is as to the effect of'the deed’s being left thus with thé recorder, and the recording of the certificate of acknowledgment upon the records of the office. Did that operate upon all parties as notice of the title?
Of course upon the face of the record the title was complete. They had to go outside of the record and show by independent evidence that Rebecca was a married woman at the time the deed was executed in 1825. Apparently the title was conveyed to Elisha Riggs. The duty of the recorder was to rerecord the deed that was handed to him in 1S39 with the added, certificates, and I think that the deed having been given to him to be recorded and his duty being to record it, and he having recorded nothing but the certificates with a reference to the original, that the rights of the purchaser must be considered as having the shield of the law thrown upon them, and the deed did transfer the title.
I hold, therefore, that the deed of 1825, placed upon record in 1827, the certificates of acknowledgment being recorded in 1S39, with a reference to the original- deed, and filed for record with the recorder at that time, constitutes notice to all parties of whatever title there was upon the face of the paper, and as such that the purchaser under that title was protected by our recording law.
Judgment for plaintiff.