ROBERT P. SINCLAIR v. GEORGE R. SLAWSON ET AL.

*Mortgage—Record-entry—Mistake—Notice.*

Under the statutes of Michigan a mortgage is considered as recorded when it is filed for record, and the register is required to make an entry in what is called an entry book, of the date of reception, the names of the mortgagor and mortgagee and the township in which the lands lie.

The entry in the entry book, until the mortgage is copied in full into the record, constitutes the constructive notice to purchasers, and refers them to the mortgage on file for full particulars.

In copying a mortgage into the record, the register omitted the name of the mortgagee. *Held*, that this error did not defeat the mortgage as to subsequent purchasers, but that as the entry book would supply the name of the mortgagee, that book and the record book together gave full information and constituted notice to all parties concerned.

Appeal from Montcalm. Submitted June 11. Decided June 23.

FORECLOSURE. Complainant appeals. Reversed.

*Isaac H. Parrish* for complainant.

*Ellsworth & Sapp* for defendants.

COOLEY, J. This is a bill to foreclose a mortgage. The defendants claim the premises as *bona fide* purchasers under the mortgagor. The only question of law which is raised by the record is whether the mortgage is defeated by the conveyances to these defendants by reason of an error in record-ing it. It appeared that the register of deeds was making use in his office of books made up of printed blanks and that in attempting to fill up one of these for the record of the mortgage in suit, he wholly omitted the name of the mortgagee. It is not pretended that in any other particular the record was incorrect. The defendants bought without making an examination of the record, and there is no claim that they had express notice of the mortgage. The question, then, is whether the defective record was of any avail to complainant as constructive notice of his mortgage.

Under a New York statute which provided that no mortgage should "defeat or prejudice the title of any *bona fide* purchaser unless the same shall have been duly registered," Chancellor Kent held that "the registry is notice of the contents of it, and no more, and that the purchaser is not to be charged with notice of the contents of the mortgage, any further than they may be contained in the registry. The purchaser is not bound to attend to the correctness of the registry. It is the business of the mortgagee, and if a mistake occurs to his prejudice, the consequences of it lie between him and the clerk, and not between him and the *bona fide* purchaser." The statute, he adds, intended the registry "as the correct and sufficient source of information; and it would be a doctrine productive of immense mischief to oblige the purchaser to look, at his peril, to the contents of every mortgage, and to be bound by them, when different from the contents as declared in the registry. The registry might prove only a snare to the purchaser, and no person could be safe in his purchase, without hunting out and inspecting the original mortgage, a task of great toil and difficulty. I am

satisfied that this was not the intention, as it certainly is not the sound policy, of the statute. *Frost v. Beekman* 1 Johns. Ch. 288, 299. The mistake in the record in that case consisted in a misrecital of the amount secured. The case has been often followed. In *Sanger v. Craigue* 10 Vt. 555, the error consisted in misdescribing the land. In *Jennings v. Wood* 20 Ohio 261, the name of the grantor in a deed was incorrectly given. In *Parret v. Shaubhut* 5 Minn. 323, the mistake consisted in the omission of one of the subscribing witnesses, whereby the deed was made to appear insufficiently executed. In *Shepherd v. Burkhalter* 13 Ga. 443, the name of the mortgagor was not appended to the mortgage as recorded. In *Sawyer v. Adams* 8 Vt. 172, the deed was recorded in an unused book and not indexed. *Terrell v. Andrew County* 44 Mo. 309, was another case of error in giving in the record the amount of the mortgage, and the following are cases in which the thing conveyed was misdescribed : *Chamberlain v. Bell* 7 Cal. 292; *Miller v. Bradford* 12 Iowa 14; *Baldwin v. Marshall* 2 Humph. 116; *Brydon v. Campbell* 40 Md. 331; *Breed v. Conley* 14 Iowa 269; *Gwynn v. Turner* 18 Iowa 1. This court has also held that a sheriff's notice of attachment was ineffectual where by mistake it failed to describe the land attached. *Barnard v. Campau* 29 Mich. 162.

On the other hand it has been held in Illinois, under a statute which gave a deed effect as against subsequent *bona fide* purchasers from the time it was filed for record, that the grantee was not affected by errors in recording; he having done all that the law required of him when he had filed his deed with the recorder. *Merrick v. Wallace* 19 Ill. 486; *Polk v. Cosgrove* 4 Biss. 437; *Riggs v. Boylan* 4 Biss. 445. So in Alabama, under a statute which made a conveyance "operative as a record" from the time it was left for registration, it was decided that a mortgage was a valid lien for the whole amount though incorrectly recorded as for a smaller sum. *Mims v. Mims* 35 Ala. 23. The following are cases which recognize the rule that filing a deed for

record gives it effect as a record : *Dubose v. Young* 10 Ala. 365 ; *Bank of Kentucky v. Haggin* 1 A. K. Marsh. 306.

The different conclusions in these cases are the result in the main of differences in the statutes under which the records have been made or attempted, and perhaps if all the statutes had been alike, all the decisions would have been harmonious.    The doctrine that he who claims the benefit of· registry laws must bring himself within them is universally admitted.    It becomes important, then, to see what our own statutes are which bear upon this case; for these after all, and not the decisions of other States, must control.

We have no statute which makes a record necessary to the validity of a conveyance as between the parties.    *Godfroy v. Disbrow* Wal. Ch. 260 ; *Brown v. McCormick* 28 Mich. 215.    The recording is only for the preservation of evidence, and for notice to subsequent purchasers and encumbrancers. Every register of deeds is required to keep an entry book of deeds and an entry book of mortgages, each page of which shall be divided into six columns with the following headings: Date of reception; Grantors (or Mortgagors) ; Grantees (or Mortgagees) ; Township where the lands lie; To whom delivered after being recorded; Fees received.    In the entry book of mortgages he shall enter all mortgages and other instruments intended as securities, and all assignments of any such mortgages or securities ; and he shall note in such books the day, hour and minute of the reception and the other particulars in the appropriate columns, in the order in which such instruments are respectively received ; and every such instrument shall be considered as recorded at the time so noted.    Comp. L., §§ 4226, 4227.    These instruments are afterwards to be recorded at full length in proper books procured for the purpose (Comp. L., § 4228), and a general index made of them all, with the names of the parties alphabetically arranged.    Comp. L., § 4230.

This mortgage, therefore, was in the law considered as recorded, and for all the purposes of notice and protection was recorded when it was left for record, and noted in the entry book.    No one pretends there was any defect or mis-

take in that entry. The complainant proved his mortgage with the register's certificate of due record indorsed thereon, and the defendants in their endeavor to show that it was not recorded in fact, showed only the error in copying the mortgage at large in the book kept for that purpose, and did not question the record in the entry book. It must be assumed, therefore, that that record was correct, and that it showed the names of the parties, the date of record, and the township in which the land was situated. Usually in such offices considerable time must elapse between the entry and the actual copying of the instrument upon the record book, and during all that time the entry book will constitute the record, and will be the means whereby third parties will be notified of conveyances. The record in that book will not be complete in itself, because it will not contain a particular description of the land, but it will direct the inquirer to the deed on file, and the two together will give full information. The one supplies all deficiencies in the other.

This mortgage, then, was recorded for the purposes of notice when it was filed, and remained effectual as against subsequent purchasers and encumbrancers for a time at least. When, if ever, did it cease to be recorded? Was it when a more complete record was attempted? Did the failure to make the more complete record render nugatory the one already made?

No doubt the entry in the entry book loses its importance when the instrument entered is properly recorded, because from that time the completed record gives the fullest information, and it will be that to which the general index will refer persons who are searching the records. But it will remain a record nevertheless, and it may have its importance in some cases. Every man who finds a mortgage recorded is notified by the date of the record that there is a record of certain particulars respecting the mortgage in the entry book, which he can at once refer to; and if any of those particulars chance to be omitted in the record book of mortgages, he understands where he can obtain information concerning them.

Now there was no omission or mistake in this case in respect to the name of the mortgagor. Any one searching for mortgages by him would have been directed by the general index to the defective record of this mortgage, and he would have found that record just as readily as he would have found it if correct. In this the case differs from one like *Jennings v. Wood* 20 Ohio 261, in which the name of the grantor was omitted in the record; for the means of tracing conveyances are lost when you do not find in the index, as grantor or mortgagor, the name of the party in whom the title appears to stand.

The defective record is of a mortgage which upon the face of it appears to be a mere nullity; for it is manifest that there can be no mortgage · without a mortgagee. But the very nature of the defect in the instrument is one that would instantly challenge attention; for no one for any conceivable purpose could be supposed to have an interest in placing such an instrument upon record. If actually defective as the record would indicate, no one could claim a lien by virtue of it; and if made dishonestly by the mortgagor, it could charge nothing, cover nothing and deceive nobody. The suggestion of mistake when the record is examined is inevitable and spontaneous.

It is not necessary, however, to discuss or raise any question of the implications that may be supposed to arise from such a record; and in this opinion we neither express nor intimate any opinion upon the question whether a purchaser would be bound to take notice of this record if it stood by itself, or would be put upon inquiry by it. This record does not stand alone. All persons are notified by the law that the entry record remains, and that it contains certain particulars, among which is the very one which is absent from the record where the mortgage is recorded at large.

It may be said that the entry-book record is temporary in purpose, being designed as a guide merely to the deeds remaining in the files, and being superseded by the complete record when made. But the admission of this does not fully meet the present case. If the register before the deed was

recorded were to take and destroy it, the mortgage would not thereby be lost, but in the words of the statute would be still considered as recorded, and the entry would evidence the fact. If he made a pretense of recording it, without intending to do so in fact, but made a defective record purposely, the result must be the same. In each case the reason for the temporary record remains and is as forcible as ever. Indeed, the reason holds good in every case until a perfect record is made, which supersedes the entry record, because it embraces all the particulars there found and many others. It holds good, therefore, in this case.

We say nothing about and express no opinion upon any case that differs in its facts from this. Here the entry record has not been wholly superseded, and it still remains and purchasers must take notice of it. With the other record it shows a mortgage complete in all its parts; the one supplementing the other completely and giving to a purchaser information as full and definite as he could have if the original mortgage were spread out before him.

The decree appealed from must be reversed, and the cause remanded with directions to enter decree for complainant in the usual form. The complainant will recover costs of both courts.

The other Justices concurred.