GEORGE W. BEDFORD AND ADDIE J., HIS WIFE, RESPONDENTS, v. HORACE D. TUPPER AND OTHERS, APPELLANTS.

*Recording acts — a purchaser is not deprived of his rights by the neglect or errors of the county clerk in recording and indexing the instrument.*

Where an assignment of the interest of the owner of a leasehold estate in fee is presented to and left with the clerk of the proper county to be recorded, the failure of the clerk to properly index it, or errors made by him in transcribing it, will not prejudice the rights of the assignee or deprive him of the privileges conferred upon him by the recording acts.

*Mutual Life Insurance Company* v. *Dake* (87 N. Y., 257) followed.

APPEAL from a judgment of the Special Term declaring the interest of the various parties in certain real estate described in the complaint and directing a partition sale and distribution of the proceeds.

The premises sought to be partitioned are four lots in the city of Cohoes covered with one large tenement-house. On the 6th day of July, 1869, these lots were conveyed to Zephirin Perrault and Theophile Perrault by a lease in fee. On the 15th day of February, 1871, the said Zephirin Perrault and wife executed an assignment of their undivided half of said lots to Theophile Perrault. This assignment was left for record at the clerk's office May 2, 1872. The assignment was recorded as an assignment from Theophile Perrault and wife to Theophile Perrault, and, as appeared by the record, it was signed "Theophile Perrault" and Denise Perrault. The acknowledgment annexed to the assignment was correctly recorded as made by Zephirin Perrault and Denise, his wife. The assignment was not indexed.

Afterwards and in June, 1872, Theophile Perrault and wife exe-

cuted a mortgage on the property, which was foreclosed and the premises were purchased by the defendant Horace D. Tupper, who is now in the possession of the property, and has been since November 25, 1879. On the 27th day of February, 1878, two judgments were recovered by James Hunter and James E. Hunter against Zephirin and Theophile Perrault, aggregating $879.31. The property was seized on attachments in these actions March 10, 1878, and the property was sold by the sheriff April 20, 1878. The sheriff's deed of the property was dated October 28, 1879, and conveys all the interest which Zephirin and Theophile Perrault had in the said premises, at the time these attachments were levied, to George W. Bedford, the plaintiff in this action. Having perfected his title Bedford brought this action, in March, 1880, for partition against Tupper as the owner of the other undivided half of the premises.

It was shown on the trial that before the entry of the Hunter judgments their attorney made an examination of the title to this property, and also obtained a search from the clerk of Albany county, who certified that there was no deed of the premises from Zephirin Perrault on record.

*J. D. Hallen,* for appellants Tupper.

*E. Van Olinda,* for appellant Kimberly.

*Esek Cowen,* for the respondent.

BOARDMAN, J.:

This is an appeal from a judgment directing a partition of lands among the parties to this action. The facts appear in the findings of the court below.

The defect in the record of the assignment from Zephirin Perrault to Theophile Perrault did not prejudice the rights of the latter as a purchaser; nor did the failure of the clerk to properly index such assignment have that effect. It follows that Zephirin Perrault had no title to the premises in question after May 2, 1872. This property was attached by plaintiffs March 10, 1878, long after Zephirin and Theophile had parted with their title. But the judgments of the plaintiff appear to have been entered before the attachments were levied, to wit, February 27, 1878. But in no event did either the attachment or the judgment become a lien upon any interest of

Zephirin in the real estate in question, since he had none. The deed of the sheriff upon his sale under the judgments could not, therefore, convey any title. He could only sell the interest which Zephirin had in the premises on the 27th of February, 1878. (Code, §§ 1242, 1244.) But as he had no interest at that date the sheriff's deed conveyed nothing to the plaintiffs. (*Lamont* v. *Cheshire*, 65 N. Y., 30, 43; affirmed S. C., 6 Lans., 235.)

We have said the defect in the record and in indexing did not prejudice the rights of Theophile under his purchase from Zephirin. That position seems to be fully sustained in the case of *Mutual Life Insurance Company* v. *Dake* (87 N. Y., 257), where it is, after careful consideration, held that the index is no part of the record, and that the omission of the clerk to index properly does not deprive the mortgagee of the right of priority given by the recording act. The learned judge (at page 264) also says: "When a conveyance is delivered to the clerk the statute provides that it shall be 'considered as recorded from the time of such delivery.' After such delivery nothing more need be done to keep the record perfect, except at the proper time to record it in its proper order in the proper book; and yet if the conveyance in the meantime, before the record thereof should be mislaid in the clerk's office or lost or purloined, the record would still remain complete." To the same effect is the case of *Simonson* v. *Falihee* (25 Hun, 570). P. J. BARNARD says (page 573): "The record did not bind Simonson. * * * He is not to be deprived of his property by a failure of the clerk to record the release properly. * * * The record of the release was complete when it was left with the clerk for record." (Jones on Mortgages., § 552; 4 Kent's Com., *174, [*n*] 3.)

The counsel for the appellants cites cases of similar import from various States of the Union. It is not necessary to notice them particularly. They confirm the views expressed in 87 New York, 257. (*Mims* v. *Mims*, 35 Ala., 23; *Chatham* v. *Bradford*, 50 Ga., 327; S. C., 15 Am. R., 692; *Polk* v. *Cosgrove*, 4 Biss., 437; *Riggs* v. *Boylan*, Id., 445; *Merrick* v. *Wallace*, 19 Ill., 486; *Bank of Kentucky* v. *Haggin*, 1 A. K. Marsh., 306; *Payne* v. *Pavey*, 29 La. Ann. R., 116; *Swan* v. *Vogel*, 31 id., 38; *Sinclair* v. *Slawson*, 44 Mich., 123; *Green* v. *Garrington*, 16 Ohio St., 548; *Tousley* v. *Tousley*, 5 id., 78; *Schell* v. *Stein*, 76 Penn. St., 398; *Wood*

v. *Brown's App.*, 82 id., 116; *Curtis* v. *Lyman*, 24 Vt., 338; *Hunter* v. *Windsor*, Id., 327.)

Without considering the questions of adverse possession as notice to purchasers, or as affecting the plaintiff's right to bring an action of partition, we conclude that the plaintiffs had no title to any portion of the premises, and hence their complaint should have been dismissed.

The judgment is therefore reversed and a new trial granted, costs to abide the event.

LEARNED, P. J., and BOCKES, J., concurred.

Judgment reversed, new trial granted, costs to abide event.