# Leslie *v.* Hinson.

*Special Action on the Case by Mortgagee of Crop.*

1. *Registration of mortgage, as constructive notice; from what time operative.*—The registration of a mortgage operates as constructive notice, not from the time it is actually recorded, but from the time it is left in the office of the judge of probate for registration (Code, § 2149); and

[Leslie v. Hinson.]

this makes the lien effective as against an intermediate mortgagee, who had no actual notice.

2. *Mortgage of unplanted crop; action against purchaser for conversion.* A mortgage of an unplanted crop does not convey any legal title, but it creates an equitable title and interest, which gives the mortgagee a right of action in his own name against a third person who, having notice of the mortgage, actual or constructive, receives and sells the crop.

3. *Landlord's lien for rent and advances, and assignment thereof.* The landlord's lien for rent and advances dominates the lien of any mortgage of the crop, and may be assigned by him (Code, §§ 3467, 3470); but he can not transfer to another the right to make advances, thereby acquiring a paramount lien.

APPEAL from the Circuit Court of Lowndes.

Tried before the Hon. JAMES W. LAPSLEY.

This action was brought by Joseph L. Hinson, against William W. Leslie, to recover damages for the unauthorized sale and conversion by the defendant of several bales of cotton, on which plaintiff·had an unsatisfied mortgage; and was commenced on the 21st March, 1887. The cotton was raised, during the year 1886, by W. P. & C. K. Rhodes, on lands leased by them from one J. W. Leatherwood; and each of the parties claimed under a mortgage from the said Rhodes brothers. The plaintiff's mortgage was dated January 23d, 1886; was given for advances made and to be made, and was filed for record on the 1st February; but it was not actually recorded until June, 24th. The defendant's mortgage was dated April 22d, 1886; was given for advances made and to be made by him to the Rhodes brothers during the year, and was filed for record on the 29th April. The Rhodes brothers went into the possession of the land on or about the 1st January, 1886, but the written lease between them and Leatherwood was not executed until January 16th, when the parties met at the defendant's store. It was proved that, when the parties met on that day, "it was then and there agreed, that Leatherwood could not and would not make any advances to said Rhodes brothers to enable them to make a crop, but that the defendant should and would make advances to them; that said lease should be transferred to him, and he was to become responsible to Leatherwood for the rent; and said lease was then transferred and delivered to defendant under this agreement. It was agreed, also, between said Rhodes and defendant, that defendant should have a lien on all the crops raised by them on said premises during that year. It was proved, also, that defendant made some advances to them on said 16th January, 1886, and at other times during the year,

[Le-lie v. Hinson.]

in all amounting to $196.88. It was proved, also, that defendant, when he took his said mortgage of April 22d, had no actual notice of the mortgage to plaintiff." The crops raised on the premises were delivered by the lessees to the defendant, and were sold by him, the proceeds amounting to $324.50; of which amount he paid $175 to Leatherwood, the stipulated rent for the year, and retained the balance in part payment of his own debt. The unpaid balance claimed by the plaintiff, on his mortgage debt, was $93. "This was, in substance, the whole of the evidence, and there was no material conflict in the evidence." The court thereupon charged the jury, on request, if they believed the evidence, they must find for the plaintiff. The defendant excepted to this charge, and he here assigns it as error. There was a judgment on verdict for the plaintiff, for $83.

WATTS & SON, for the appellant.

W. R. HOUGHTON, contra.

STONE, C. J.—Hinson's mortgage was deposited with the judge of probate for registration February 1, 1886, but not actually recorded until June 24, 1886. The registration took effect, as constructive notice, from the time of the deposit in the probate office.—Code of 1876, § 2149; Code of 1886, § 1793; Mims v. Mims, 35 Ala. 23; Turner v. McFee, 61 Ala. 468; Heflin v. Slay, 78 Ala. 180.

A mortgage of an unplanted crop does not convey the legal title, but it conveys an equity, which clothes the mortgagee with the right to maintain an action on the case in his own name, against any one who sells the crop thus mortgaged, and receives and converts the proceeds.—Thompson v. Powell, 77 Ala. 391; Kelly v. Longshore, 78 Ala. 203; Thornton v. Strauss, 79 Ala. 164; Barnett v. Warren, 82 Ala. 557.

True, the landlord's lien for rent and advances dominates all claim any mortgagee may set up, and the landlord may transfer his claim for rent, and for advances he has made, and clothe his transferree with his own paramount lien.—Code of 1876, §§ 3467, 3470; Code of 1886, §§ 3056, 3059; Westmoreland v. Foster, 60 Ala. 448; Corbitt v. Reynolds, 68 Ala. 378. But the landlord can neither relinquish nor transfer to another his right to make advances to the tenant, and thus vest in that other the lien which he could have asserted, had he made the advances. The right is statutory,

and the statute does not embrace such a case.—*Bell v. Hurst*, 75 Ala. 44; *Drakeford v. Turk*, *Ib.* 339.

To the extent of the landlord's lien for rent—one hundred and seventy-five dollars—Leslie having acquired the landlord's right, his claim is superior to that of Hinson. And if Leatherwood, the landlord, had himself made the advances, or had procured Leslie to make them, being responsible for them, and had transferred the claim to Leslie, then the latter claim would prevail over Hinson's mortgage.—*Barnett v. Warren*, 82 Ala. 557; *Bell v. Hurst*, 75 Ala. 44. Leslie asserts no such right, as to the advances.

The product of the crop, realized by Leslie, was three hundred and forty dollars. The rent claim was one hundred and seventy-five dollars, leaving one hundred and sixty-five dollars, on which Hinson had a superior lien. The claim and recovery of the latter was less than one hundred dollars. The Circuit Court committed no error in the charge given, nor in the charge refused.

Affirmed.