[Seibold v. Rogers.]

# Seibold v. Rogers.

*Action of Trover.*

1. *Conveyance properly filed for record does not lose benefit of registration by mistake of officer in recording it.*—Where a mortgage is duly filed for record in the proper office, with the judge of probate, (Code, §§ 1793, 1806), such filing is operative as notice of the mortgagee's lien, and a mistake of the officer in recording the mortgage in the name of another than the mortgagor, does not affect the rights of the mortgagee under such mortgage.

2. *When name of attesting witnesses to mortgage is written by mortgagee, such attestation is void.*—Where a mortgage is attested by the mortgagee, and the name of the only other attesting witness was not written by himself, but by the mortgagee, the instrument must be treated as having no attesting witnesses, and can be introduced in evidence only on proof of the signature of the mortgagor, or upon other proof its execution.

3. *Proof of execution of mortgage having no attesting witnesses.*—In the absence of attesting witnesses to a mortgage, its execution may be proven by the testimony of any competent witness who is familiar enough with the mortgagor's handwriting to testify to the genuineness of the signature, or who can testify thereto from personal knowledge, as from having seen the mortgagor sign the instrument; and the competency of such witness is not affected by the fact that his name had been improperly signed, by another, as an attesting witness to the mortgage.

4. *Action of trover by mortgagee; measure of damages.*—In an action of trover brought by a mortgagee for the conversion of property conveyed in his mortgage, against one claiming under the mortgagor, the measure of damages is not the value of the property at the time of the conversion with interest to the day of the judgment, but is the amount of the mortgage debt, principal and interest, not exceeding the value of the property, with interest from the time of the conversion.

5. *Same; general charge for plaintiff erroneous when unfavorable inferences to his recovery are authorized by the evidence.*—Where in an action of trover by a chattel mortgagee against one claiming under and through the mortgagor, the only evidence of notice to the defendant of plaintiff's mortgage is that arising from its registration, and there is evidence tending to show that the mortgagor, at the time of the execution and filing of the mortgage, resided in a different county from that in which the mortgage was filed for record, the general affirmative charge should not be given for the plaintiff.

[Seibold v. Rogers.]

6. *Same; charge of court as to credibility of evidence.*—In an action of trover, a charge which instructs the jury that "If the jury do not believe the evidence they will find for the defendant," should be given; since the burden is on the plaintiff to make out his case, and if the evidence offered in that behalf is not to be believed by the jury, there was failure on the part of the plaintiff to meet this. burden, entitling the defendant to a verdict.

APPEAL from the Circuit Court of Marshall.

Tried before the Hon. JOHN B. TALLY.

This was an action of trover, originally brought by the appellee, Joel E. Rogers, against William McKee, for the alleged wrongful conversion by William McKee of one yoke of oxen. On the death of McKee, the suit was revived in the name of the appellant, as the administrator of the estate of William McKee, deceased. Issue was joined on the plea of the general issue. The plaintiff based his right and claim to the property alleged to have been converted upon a mortgage, executed to him on December 14, 1889, by one J. W. Davis. He offered this mortgage in evidence. J. M. Wilkes and the plaintiff, J. E. Rogers, were the attesting witnesses. J. M. Wilkes, as a witness on the trial of the cause, testified that he could not write his name, but that the plaintiff signed his, Wilkes' name as an attesting witness to the mortgage, and "that as well as witness remembered, he saw Davis sign his name to the mortgage." The evidence showed that the mortgagor had died on August 7, 1890, prior to the institution of the present suit. The plaintiff, whose name appears as attesting witness to said mortgage, testified that he saw Davis sign the mortgage. The defendant objected to this testimony of the plaintiff, because Davis being dead, plaintiff was incompetent to testify thereto. The court overruled the defendant's objection, and to this ruling the defendant duly excepted. The court, against the objection and exception of the defendant, allowed the mortgage to be read in evidence. There was an indorsement on said mortgage, by the probate judge of Marshall county, certifying that the said mortgage had been filed in the office of the judge of probate of Marshall county.

The evidence further tended to show that subsequent to the execution of the mortgage by Davis, Davis traded the yoke of oxen described in the mortgage to one Boy

[Seibold v. Rogers.]

McKee for another yoke of oxen, and that the defendant's intestate obtained the oxen involved in this controversy from the said Boy McKee. The evidence also tended to show that the yoke of oxen, for the conversion of which this suit was brought, was worth between $60 or $85. Another of the witnesses for the defendant testified that prior to the time Davis traded the steers to Boy McKee, Davis resided in DeKalb county and kept the steers at home in said county, and that Davis moved to Marshall county after he had traded the steers.

The defendant offered in evidence the record of the mortgage, on which the plaintiff's claim was based, in the probate office of Marshall county, which record showed that wherever the name of the mortgagor appeared in said record it was "J. W. Cavis," instead of "J. W. Davis." Plaintiff objected to the introduction of said record in evidence, because it was irrelevant. The court sustained the objection, and the defendant duly excepted. The defendant offered to show that the index of the record in which the said mortgage was recorded showed no mortgage from J. W. Davis to the plaintiff; but the court sustained plaintiff's objection to this evidence, and the defendant duly excepted.

The charge of the court as to the measure of damages, and to the giving of which the defendant duly excepted, is copied in the opinion. The court gave, at the request of the plaintiff, the general affirmative charge in his behalf. To the giving of this charge the defendant duly excepted, and also excepted to the refusal to give the general affirmative charge in his behalf and, also, the following charge: 2. "If the jury do not believe the evidence, they will find for the defendant." There was judgment for the plaintiff. Defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

O. D. STREET, for appellant.—1. The court erred in permitting plaintiff to testify to the execution of the mortgage by Davis, whose estate was clearly interested in the result of this suit. A recovery by plaintiff and satisfaction of the judgment paid Davis' debt.—Code, § 2765; *Keel v. Larkin*, 72 Ala. 493; *Sublett v. Hodges*, 88 Ala. 491; *Boykin v. Smith*, 65 Ala. 294; 1 Greenl. Ev., §§ 393–402.

[Seibold v. Rogers.]

2. The court erred in giving the affirmative charge for plaintiff, in view of the conflict in the testimony as to which county Davis resided in at the time he sold the oxen to Boy McKee. Whether or not the mortgage had been recorded in the proper county, and consequently whether or not it was constructive notice, depended on this question. It must be recorded in the county in which the grantor resides.—Code, § 1806. It would have been the duty of the jury, if they did not believe the evidence, to have returned a verdict for the defendant. The court, therefore, erred in refusing the charge requested by defendant, so instructing the jury. The court erred in charging the jury as to the measure of damages. In trover by a mortgagee against a third person, deriving title through the mortgagor, the measure of damages is the amount due on the mortgage with interest thereon, not to exceed the value of the property. 2 Sedg. on Damages, 482 and note; 1 Sedg. on Damages, 62 and note; *Street v. Sinclair*, 71 Ala. 110; *Bird v. Womack*, 69 Ala. 390; *Keith v. Ham*, 89 Ala 590; *Carpenter v. Going*, 20 Ala. 587. It is contended that notwithstanding any error that may occur in copying the instrument upon the record, yet under the influence of section 1793 of the Code, it is constructive notice of the contents of the instrument as full as if it had been correctly copied.—*Turner v. McFee*, 61 Ala. 468; *Mims v. Mims*, 35 Ala. 23. If construed solely in the language of the court there is no doubt that these cases fully sustain this proposition, but if construed in the light of the facts of those cases, and of the real questions the court was called upon to decide, they do not. The sweeping language employed by the court in those cases was not necessary to the determination of the questions actually raised, and is, therefore, dictum.—*Gilchrist v. Gough*, 30 Amer. Rep. 250.

3. *Turner v. McFee* was without doubt correctly decided according to the authority of most reputable courts, which at the same time adhere to the doctrine that a record can be constructive notice only of what is contained within itself.—*Mut. Life Ins. Co. v. Dake*, 1 Abb. (N. C.) 381; *Curtis v. Lyman*, 24 Vt. 338; *Bishop v. Schneider*, 46 Mo. 472; *Board of Comrs. v. Babcock*, 5 Oreg. 472; *Green v. Garrington*, 16 Ohio St. 548. *Mims v. Mims*, 35 Ala. 23, is in direct conflict with the leading

[Seibold v. Rogers.]

cases on the identical question in both New York and
Indiana.—*Gilchrist v. Gough,* 30 Amer. Rep. 250 ; *Johnson v. Hess,* 9 L. R. A. 471 ; *Frost v. Beekman,* 1 Johns.
Ch. 288.

4. In none of its past decisions has this court gone
further than to hold that if the record discloses the existence of the mortgage, this is sufficient to effect subsequent purchasers with notice of the true contents of the
instrument. It has never held that a record which furnishes no intimation even of the existence of the mortgage, can effect any one with notice both of its existence
and its contents. In view of the past decisions of this
court, which are now beyond the pale of controversy, it
seems that a reasonable and highly just line of demarcation would be to require that the records should, at
least, disclose the existence of the mortgage. The statutory provisions giving instruments the effect of records
from the date of delivery to the recording officer is obviously intended to cover the time necessarily elapsing between the date of its filing and the time it is placed on
the record. But, after the instrument is transcribed
upon the record, it is usually taken away, and the purpose of the statute is then to make the record proper the
only source of constructive notice. The reasonable construction of sections 1791, 1792, 1793 of the Code, when
construed *in pari materia,* as all statutes must be construed, when they relate to the same subject, is as follows : The filing of the instrument and its deposit in
the recording office furnishes constructive notice of its
existence and contents. It continues to be such until it
is placed upon record, or withdrawn from the office.
When recorded, the record then becomes the sole source
of constructive notice, and is constructive notice only of
what the record itself discloses. This construction gives
a field of operation to all three of these sections, while
the construction contended for by appellee gives operation to section 1793 alone.

5. The legislative adoption of the decisions of this
court in *Turner v. McFee,* 61 Ala. 468 and *Mims v. Mims,*
35 Ala. 23, is binding upon tihs court no further than
the precise points decided in them. Neither the court
nor legislature is bound by a construction which is not
authoritative.—23 Amer. & Eng. Encyc. of Law, pp.
19–25. Recording the grantor's name as "Cavis"

instead of "Davis" is such a material variance as will destroy the effect of the record as notice.—1 Black, Judg. § 406; *Johnson v. Hess*, 9 L. R. A. 471; *Jennings v. Wood*, 20 Ohio St., 261.

LUSK & BELL, *contra*.—1. Our statute provides that the mortgage becomes operative as to third parties, from registration of filing in the probate judge's office. Code 1886, § 1793; *Leslie v. Hinton*, 83 Ala. 266; *Mims v. Mims*, 35 Ala. 23; *Heflin v. Slay*, 78 Ala. 180; 20 Amer. & Eng. Encyc. of Law, pp. 572–3 and notes.

2. The legal and equitable rights of the appellee who is the mortgagee, are the same as if his mortgage had been filed and accurately recorded without even a mistake.—*Fouche v. Swain*, 80 Ala. 153. A failure of the judge of probate to index the record of a conveyance, will not destroy or impair the rights of the mortgagee, acquired by proper registration.—*Turner v. McFee*, 61 Ala. 468; *Dubose v. Young*, 10 Ala. 364; 20 Amer. & Eng. Encyc. of Law, pp. 572–3, notes; 2 Cobbey on Chattel Mortgages, § 564 and note 37. The failure of the judge to properly record or to index etc., will not prejudice the rights of the mortgagee acquired by his filing the mortgage.—2 Cobbey on Chattel Mortgages, § 564. The mortgagee need not concern himself about the mortgage and its record after he has left it with the proper officer.—Jones on Mortgages, § 272.

HEAD, J.—If the mortgagor, Davis, resided in Marshall county, and the mortgaged property was in that county, at the time of the conveyance, the delivery of the instrument to the probate judge of that county for record was all that was required of the plaintiff, to give notice of his lien—Code of 1886, §§ 1793, 1806. He was not required to supervise the act of the probate judge in recording the paper, and hence it is immaterial as far as the plaintiff's rights are concerned that the recording officer committed an error in writing the mortgagor's name "Cavis" instead of "Davis" upon the mortgage record. This conclusion is not logically distinguishable from our other rulings, from which we have no inclination to depart. We could not do so without disregarding the express language of the statute.—*Leslie v. Hinton*, 83 Ala. 266; *Fouche v. Swain*, 80 Ala. 151; *Heflin v.*

*Slay,* 78 Ala. 180 ; *Turner v. McFee,* 61 Ala. 468 ; *Mims v. Mims,* 35 Ala. 23 ; *Dubose v. Young,* 10 Ala. 374 ; *Mc-Gregor v. Hall,* 3 Stew. & Port. 397 ; 20 Am. & Eng. Enc. of Law, p. 572.

2. When the plaintiff offered his mortgage in evidence, it became necessary to prove its execution. It purported to be attested by two witnesses, C.M.Wilkes and J. E. Rogers, the mortgagee. The latter could not be an attesting witness as he was a party to the instrument.— *Coleman v. State,* 79 Ala. 49. It was also shown that the name of the other witness was not written by himself, but by said Rogers. This is not, therefore, an attestation by him.—*Stewart v. Beard,* 69 Ala. 470. The instrument must be treated as having no attesting witnesses, and it was necessary, therefore, to. prove the signature of the grantor. This could be done by the testi-·mony of any competent witness, who was familiar enough with his handwriting to testify to the genuineness of the signature, or who could testify thereto from personal knowledge, as from having seen the grantor sign the instrument.—*Mardis v. Shackleford,* 4 Ala. 493 ; *Lazarus v. Lewis,* 5 Ala. 457 ; *Cox v. Davis,* 17 Ala. 714 ; *Jones v. Hough,* 77 Ala. 437. While Wilkes was not what the law denominates an attesting witness, yet it was competent to prove by him, if he knew the fact, that the mortgagor executed the instrument. The effect of his evidence, although not so stated in words, is, that Davis either signed or admitted the signature in his presence, but to the best of his recollection, he saw him sign the paper. This was sufficient *prima facie* proof to authorize the court to admit the mortgage in evidence. The preliminary question as to the execution of the mortgage was addressed to the court, and as the testimony of Wilkes constituted sufficient *prima facie* proof of execution by the mortgagor, it is wholly immaterial to inquire whether the court should or should not have permitted the plaintiff to also testify to the same effect. We do not, therefore, even consider whether the estate of Davis was interested in this suit, or whether the testimony of the plaintiff related to a transaction with a deceased person, within the meaning of our statute, upon the subject of the competency of witnesses. There was no error in admitting the mortgage in evidence.

3. In charging the jury that "the measure of the

[Seibold v. Rogers.]

plaintiff's damage in this case is the value of the property sued for at the time of the conversion, with the interest thereon down to the date of trial,'' the lower court overlooked the facts, that the plaintiff was not the absolute owner of the chattels, but only a mortgagee, that the evidence tended to show the value of the property to be greater than the amount of the plaintiff's debt, and that the defendant was claiming under and through the mortgagor. Under these circumstances, the value of the plaintiff's interest, that is, his debt—principal and interest—not exceeding the value of the chattels with interest from the conversion, is the true measure of his damages. The general rule, with its limitations and exceptions, will be found accurately stated in a note to *Harker v. Dement*, 52 Am. Dec. 670, 678, where many authorities are collected, and in numerous decisions in our reports. The rule applicable to this case is stated in *Strong v. Strong*, 6 Ala. 345, and *Carpenter v. Going*, 20 Ala. 587. So far from being able to say that the error was not prejudicial to appellant, it affirmatively appears that under its influence, the jury returned a verdict in favor of the plaintiff for more than he was entitled to recover, upon his own statement.

These are the questions of merit arising upon the record. We remark that there seems to be enough in the testimony of Lee Frazier to make it a question to be submitted to the jury, whether Davis, the mortgagor, resided in DeKalb or Marshall county at the time of the execution and filing of the mortgage. This being so, the general affirmative charge should not have been given for the plaintiff, since, if the mortgagor then resided in DeKalb county, the registration in Marshall county would not carry notice to a purchaser from him.—Code, § 1806.

Under the authority of *A. G. S. R. R. Co. v. McAlpine*, 80 Ala. 73, the second charge requested by the defendant, which referred the credibility of the evidence to the jury, ought to have been given. The burden was on the plaintiff to make out his case by proof, and if the evidence he offered in that behalf, was not to be believed by the jury, there was a failure of proof, entitling the defendants to a verdict.

Reversed and remanded.