# Chapman & Co. *v.* Johnson.

## *Registration of Mortgage.*

1. *Mistake of officer recording it does not affect rights of mort-
   gagee.*—Where a mortgage is duly filed for record in the office
   of the Judge of Probate, such filing is, under the provisions
   of the statute, (Code, 1896, § 987), operative as notice of the
   mortgagee's lien from the day delivered to the Judge, and a
   mistake of the officer in recording the mortgage does not affect
   the rights of the mortgagee thereafter, nor render the record of
   the mortgage ineffective as constructive notice to such subse-
   quent purchasers for value.

APPEAL from the County Court of Geneva.

Tried before the Hon. W. O. MULKEY.

This was an action brought by the appellee against
the appellants to recover damages resulting to the plain-
tiff by reason of the defendant purchasing two bales of
cotton upon which plaintiff had a lien and thereby de-
priving the plaintiff of the enforcement of the lien.   The
facts of the case are sufficiently stated in the opinion.
The cause was tried by the court without the interven-
tion of the jury, and upon the hearing of all the evidence
the court rendered. judgment in favor of the plaintiff.
From this judgment the defendants appeal and assign
the rendition thereof as error.

W. R. CHAPMAN, for appellant.—Cited Code §§ 986,
987 and 991; *Sanders v. Knox,* 57 Ala. 80; *Hardaway v.
Semmes,* 38 Ala. 657; *Pollak v. Davidson,* 87 Ala. 551;
*Dufphey v. Frenage,* 5 S. & P. 215; *Duvose v. Young, et
al,* 10 Ala. 365; *Jones v. Parks,* 22 Ala. 446.

C. D. CARMICHAEL, *contra.*

DENSON, J.—The plaintiff, Johnson, held a mort-
gage which was executed to him by one, W. M. Newell

on the 13th day of November, 1900, to secure an indebtedness of $100.00. The mortgage was made payable the 1st day of October, 1901, and conveyed the crop of Newell for the years 1900, 1901, 1902 and 1903, grown on his farm in Geneva county. That part of the mortgage descriptive of the crops conveyed, was in the following words and figures, to-wit; "and the entire crop raised by me, or for me, or in which I may be interested during 1900, 1901, 1902 and 1903, in Geneva county, Alabama, or elsewhere." In recording the mortgage, the judge of probate wrote the part descriptive of the crops conveyed, as follows, to-wit; "and the entire crop raised by me, or in which I may be interested during the year 19— in Geneva county, Alabama, or elsewhere."

The mortgage was duly filed for record in the office of the judge of probate of Geneva county (the residence county of the mortgagor) on the 23rd day of November, 1900, as is shown by the following endorsement on the mortgage, namely, "Filed for record on the 23rd day of November, 1900, at 2 o'clock p. m., and recorded in Book 20, page 137 record of mortgages, Geneva county. Ed. Roach, Judge of Probate."

It is conceded by the parties to this controversy, that the only question which is presented for review by the record is, whether or not the mistake made by the judge of probate in the recordation of the mortgage, as above shown, rendered the record of the mortgage ineffective as constructive notice to subsequent purchasers for value.

Section 987 of the Code of 1896 was brought down from the Code of 1852 in almost the exact language in which it appears in section 1270 of that Code. This section provides, that a conveyance is operative as a record from the day of delivery to the judge.

In the first case in which this section of the Code was construed, that of *Mims v. Mims*, 35 Ala. 23, it appeared that a mortgage was executed in which the mortgagor acknowledged an indebtedness to the mortgagee in the sum of one hundred and twenty-two and 40-100 dollars, to be paid on or before the first day of May next, *"and the further sum of five hundred dollars, to be paid on or before the first day of January next."* The mortgage

[Chapman & Co. v. Johnson.]

was duly filed for record, but, the transcribing officer, in recording it, omitted the words which are italicised above, so that it appeared from the record to be a security only for the sum of $122.40.

In the case of *Seibold v. Rogers,* 110 Ala. 438, it appeared that a mortgage was executed by J. W. Davis, but the transcribing officer recorded the name of the mortgagor as J. W. Cavis.

It was held in each case, that under the statute the mortgage was not impaired in its efficiency against subsequent purchasers, by the fact that there was a mistake made by the transcribing officers in making the record.

WALKER, C. J., in the opinion in the case first cited, reasons as follows: "The object and effect of the statute are clearly to place the conveyance, as soon as the grantee has discharged his entire part in procuring the record, by having it properly proved, or acknowledged and delivered to the officer, in the same attitude as if it were spread upon the record book. This statute relieves a party, who has done all that is devolved upon him by the law, from the consequence of the failure of the probate judge to discharge his duty, or of the imperfect manner in which he discharges it. The conveyance being operative as a record from its delivery to the judge, no subsequent mistake of his could deprive it of the operation thus given it by the law."

In the case in 110 Ala. *supra,* the court said; "The delivery of the instrument to the probate judge for record was all that was required of the plaintiff (mortgagee), to give notice of his lien. He was not required to supervise the act of the probate judge in recording the paper, and hence it is immaterial as far as the plaintiff's rights are concerned, that the recording officer committed an error in writing the mortgagor's name Cavis instead of Davis upon the mortgage record." It is further stated by the court, substantially, that the conclusion reached could not be otherwise without disregarding the express language of the statute.—*Leslie v. Hinton,* 83 Ala. 266; *Fouche v. Swain,* 80 Ala. 151; *Heflin v. Slay,* 78 Ala. 180; *McGregor v. Hall,* 3 Stew. 397.

The case of *Sanders v. Knox*, 57 Ala. 80, was a suit of trover for the conversion of two bales of cotton, the plaintiff's title was evidenced by a mortgage executed by Barr and his wife and one Stubbs. The defendant, after. plaintiff had offered this mortgage in evidence, offered in evidence the record of the mortgage, which showed that the signatures of the makers had been omitted by the recording officer in recording the mortgage, and thereupon the defendant moved the court to exclude the mortgage as evidence, on the ground that it was illegal and irrelevant. The motion was overruled. On appeal, the court, through BRICKELL, C..J., said: "The defects in the registration of appellee's conveyance, destroy its effect as notice to purchasers, or creditors with a lien, protected by the statute of registration."

In that case the court's attention seems not to have been directed to the statute we have under consideration, which was at that time, § 1539 of the Code of 1867. Nor did the court consider the case of *Mims v. Mims, supra*, but the cases of *Jones v. Parks*, 22 Ala. 446 and *Dubose v. Young*, 10 Ala. 365, were cited as authorities for the ruling. It will be discovered by an examination of the cases cited by Judge BRICKELL, that they were decided without reference to the statute; hence those cases could hardly be regarded as authority upon the question now in hand. But the case of *Sanders v. Knox, supra,* having been decided after the enactment of the statute, must be considered as bearing upon the question and is in conflict with the cases of *Mims v. Mims*, and *Seibold v. Rogers, supra*.

In other states that have a like statute to ours, the courts of those states have held, in line with the case of *Mims v. Mims, supra,* that mistakes made by the recording officer do not affect the mortgagee's rights.—*Menick v. Wallace*, 19 Ill. 486; *Polk v. Cosgrove*, 4 Biss. 437, *Riggs v. Baylon*, 4 Biss. 445; *Tonsley v. Tonsley*, 5 Ohio St. 78; *Wood's Appeal*, 82 Pa. St. 116; *Sinclair v. Lawson*, 44 Mich. 123; 24 Am. & Eng. Ency. Law, (2nd ed.) p. 114, and cases cited in note 3; Jones on Mortgages, (3rd ed.) § 552.

The conclusion is, that the statute was correctly construed in the cases of *Mims v. Mims*, and *Seibold v. Rog-*

[Dennis *et al.* v. Currie.]

*ers, supra,* and *Eufaula National Bank v. Pruet,* 128 Ala, 470. It follows that, in so far as the case of *Sanders v. Knox, supra,* conflicts with the ruling here, it must be overruled.

There is no error in the record, and the judgment of the circuit court must be affirmed.

Affirmed.

McCLELLAN, C. J., HARALSON, TYSON, DOWDELL, SIMPSON and ANDERSON, J.J., concurring.