(77 South. 934)

PEARSON v. HANCOCK & SON. (5 Div. 263.)

(Court of Appeals of Alabama. Jan. 22, 1918. Rehearing Denied Feb. 26, 1918.)

1. APPEAL AND ERROR ⊕═699(2)—REVIEW—INSTRUCTIONS—OMISSION TO SET OUT GENERAL CHARGE AND REFUSED CHARGES.

Where neither the general charge nor the refused charges requested by defendant are set out in the record, as is required by Acts 1915, p. 815, the rulings of the court on refusal to give written charges at defendant's request, and exceptions to a portion of the oral charge, cannot be reviewed.

2. EVIDENCE ⊕═384 — PAROL EVIDENCE AFFECTING WRITING—RENTAL CONTRACT.

In an action for the conversion of mortgaged crops, a witness having testified that the rental contract between landlord and mortgagor was not in writing, he could testify that the mortgagor had rented the premises, and was in possession when the mortgage was executed.

---

⊕═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] Ante, p. 239.

**3. EVIDENCE ☞370(4) — DOCUMENTARY EVIDENCE—PROOF OF EXECUTION OF MORTGAGE BY MORTGAGOR.**

In an action for the conversion of mortgaged crops, the mortgage was not self-proving, and it was necessary for plaintiff to prove its execution by the mortgagor before it became admissible.

**4. APPEAL AND ERROR ☞882(7)—INVITED ERROR—OBJECTION TO OFFER OF PROOF.**

In an action for the conversion of mortgaged crops, where the trial court admitted the mortgage without proof of execution, expressly reserved the right to rule on the question later, and, at the close of evidence, defendant again called attention to the error by motion to exclude the mortgage on the ground its execution had not been proved, whereupon plaintiff offered to call a witness to make the proof, but defendant objected, and the court sustained the objection, the court's action in sustaining the objection, doubtless based on the assumption that defendant waived proof of the execution of the mortgage, thus consenting that the trial proceed without the proof, was invited error, of which defendant cannot receive the benefit on his appeal.

Appeal from Circuit Court, Tallapoosa County; Marion H. Sims, Judge.

Action by Hancock & Son against H. W. Pearson, for the conversion of mortgaged crops. From a judgment for plaintiff, defendant appeals. Affirmed.

James W. Strother, of Dadeville, for appellant. Geo. A. Sorrell, of Alexander City, for appellee.

SAMFORD, J. [1] The several rulings of the trial court on the refusal to give written charges at the request of defendant, and the exceptions to a portion of the court's oral charge cannot be reviewed, as neither the general charge of the court nor the refused charges are set out in the record, as is required by the Acts of 1915, p. 815.

[2] Assignment of error No. 1 is not well taken. The witness testified that the rental contract between the landlord and mortgagor was not in writing, and hence it was perfectly competent for the witness to testify that the mortgagor had rented the premises and was in possession at the time the mortgage was executed. 4 Mayf. Dig. 37, §§ 159–161.

[3, 4] The other assignments of error are based upon the action of the trial court in permitting the introduction of the mortgage through which plaintiff claimed title to the property, for the conversion of which the suit was brought, without proof of its execution by the mortgagor. The plaintiff claimed title through this mortgage. It was not self-proving, and therefore it became necessary for him to prove its execution. Seibold v. Rogers, 110 Ala. 444, 18 South. 312. We cannot agree with counsel for appellee that the rule as laid down by Mr. Justice Head in the Seibold Case is unsound; on the contrary, it is based on the soundest of reasoning and common sense, and to hold otherwise

would be to open the door to all sorts of fraud. But the bill of exceptions shows that the trial court admitted this mortgage without proof of execution, in anticipation of its proof later, and expressly reserved the right to rule on the question later. At the close of the evidence, the defendant again called attention to the error by a motion to exclude the mortgage, on the sole ground that its execution had not been proven, whereupon the plaintiff offered to call a witness to make this proof. The defendant objected to this, and the court sustained the objection. This was an offer to make the very proof required by defendant, and to correct an error theretofore complained of by him. It cannot be presumed that the trial judge sustained defendant's objection because the evidence had been closed, for the offer had for its object the correction of an error made by the court. The court's action in sustaining the objection was doubtless based on the assumption that the defendant thereby waived proof of the execution of the mortgage, and as consent by him that the trial proceed without this proof. This is an invited error, of which the defendant cannot receive the benefit. 2 R. C. L. p. 238; 2 A. M. C. Dig. (Dec. Ed.) Appeal & Error, § 882; Borden v. Croak, 131 Ill. 68, 22 N. E. 793, 19 Am. St. Rep. 23.

There is no error in the record, and the judgment is affirmed.

Affirmed.