# Schuessler v. Gains & Nichols.

## Action on the Case.

1. *Advances to make a crop; §§ 3286-8 of Code, 1876, construed.*—The statute providing for a lien for advances to make crops and a remedy for the enforcement thereof (Code of 1876, §§ 3286-8), introduces a new right and confers a new and extraordinary remedy, and must be strictly construed. To obtain the benefit of its provisions, the case made must meet all of its substantial requirements.

2. *Same; what the "written note or obligation" should contain.*—In the "written note or obligation" required by the statute to be given by the party obtaining the advances, the second clause, declaratory of the purpose for which the advances were obtained etc., should be as broad and

comprehensive in its terms as is the first or reciting clause; but it need not contain words not found in the statute, as the words, "team, provisions and farming implements" cover every thing, for the advance of which the statute gives a lien.

3. *Same; when note fatally defective.*—A note given for advances to make a crop, the first or reciting clause of which states that the amount for which the note was given, was advanced to the maker of the note in "provisions and one bay horse," and the second clause of which, declaratory of the purpose for which the advances were obtained, contains only the word "provisions," in describing the articles which the maker would be unable to procure without such advances, is fatally defective as a lien on the maker's crop.

APPEAL from Chambers Circuit Court.

Tried before Hon. JAMES E. COBB.

This was an action on the case, brought by the appellant against the appellees, for the purpose of recovering damages for the alleged conversion by the appellees of one bale of cotton, a part of a crop on which the appellant had a lien for advances, of which lien the appellees are charged with notice. The appellees pleaded not guilty, and on this plea the cause was tried. The appellant, on the trial, after proving its execution and record, offered in evidence the note he relied on, as establishing his lien, which is substantially as follows:

"The State of Alabama, Chambers county. $140.00. By the 15th day of October, 1882, I promise to pay L. Schuessler the sum of one hundred and forty dollars, advanced to me in *provisions and one bay horse,* medium size, 13 years old, and I further declare that such advance was obtained by me *bona fide* for the purpose of making a crop" on a plantation described therein, "and without such advance it would not be in my power to procure the necessary *provisions* to make a crop the present year." The appellees objected to the introduction of the note in evidence on the ground, that its terms failed to comply with the statute and did not create a lien. The court sustained the objection, and would not allow the note to be read in evidence; and to this ruling the appellant excepted, and was thereby "forced to take a non suit," which he did with a bill of exceptions. The ruling of the Circuit Court in excluding the note from the jury, is here assigned as error.

ROBINSON & DENSON, for appellant.

W. H. & R. B. BARNES, *contra.*

(No briefs came to the hands of the reporter).

STONE, J.—The statute, Code of 1876, § 3286, introduces a new right, and confers a new remedy, of the class called

extraordinary. Such statutes are strictly construed, and to obtain the benefit of their provisions, the case made must meet all the substantial requirements.—*McLester v. Somerville*, 54 Ala. 670. This statute has many essentials. The advance must be made "in horses, mules, oxen, or necessary provisions, farming tools and implements, or money to purchase the same." This clause must be construed distributively. The advance of any one or more of the articles will meet this requirement of the statute. But whatever is advanced should not be stated disjunctively in the written note or obligation for the same. There must be executed by the person to whom the advance is made a written note or obligation for the same, and it must express "that the same [that is, the article or articles, commodity or commodities advanced] was or were obtained by him *bona fide* for the purpose of making a crop, and that without such advance it would not be in the power of such person to procure the necessary team, provisions and farming implements to make a crop." This clause should be interpreted and employed, so as to correspond with the clause which describes the article or articles advanced. If all the articles enumerated above are recited as, or stated to be advanced, then all the words in the second clause—team, provisions and farming implements—should be used. If only a part are averred to be advanced, then the second clause should be confined to the class or classes to which the advanced articles belong. If team only be recited as advanced, then the word team should be employed in the second clause, and so of the others. If money to purchase team, provisions and farming implements be recited, then all the words, team, provisions and farming implements, should appear in the second clause. In other words, the second clause should be as broad and comprehensive in its terms, as the first or reciting clause ; but it need not contain words not found in the statute. Team, provisions, and farming implements, if expressed in the second clause, cover every thing, for the advance of which the statute gives*a lien.

The present record does not render it necessary that we should consider section 3287 of the Code, which relates alone to the registration of such written note or obligation. It is not difficult to understand the requirements of that section.

The written note or obligation in this case is fatally defective. It recites that the advance was made in provisions and a horse. This, if true, is an advance in team and provisions. The second, or declaratory clause has only the word provisions. The meaning of the instrument is, that

[Jones v. The State.]

without the advance of the horse and provisions, it would not be in Moore's power to procure the necessary provisions to make a crop. We can not know how much of the advance was in the horse, and how much in provisions. If the declaration be good as a lien, it creates it only for the provisions, and that, on the face of the instrument, is left fatally uncertain.

Affirmed.