# Comer *v.* Daniel.

*Action on the Case for Conversion of Personal Property covered by Lien.*

1. *Lien for advances; when statute not complied with.*—The written note or obligation required by the statute to be executed for advances (Code of 1876, § 3286), is vitiated as a statutory crop lien, by including therein, knowingly and intentionally, a debt which was contracted for a separate and distinct purpose, and which constitutes a material portion of the consideration. (STONE, J., *dissenting.*)

APPEAL from Bullock Circuit Court.

Tried before Hon. H. D. CLAYON.

This was an action on the case brought by the appellee against J. F. Comer and another, the appellants, for the purpose of re-covering damages for the alleged conversion by the appellants of two bales of cotton, a part of a crop raised by one Finney, on which the appellee averred he had a lien under the statute for advances made by him to Finney to enable him to raise the crop, of which lien the appellants had notice. The lien was claimed, as shown by the bill of exceptions, under a crop-lien note for advances for $177.72, the recitals and terms of which are in substantial compliance with the statute; but it was shown that a part of the consideration of the note was "an account for about twenty-five dollars due from said Finney to a third party," which had been placed in the hands of the appellee as an attorney for collection. The Circuit Court held that the ap-pellee had a lien on the cotton under the note, for the money actually advanced by the appellee to Finney, and so instructed the jury, and the appellants excepted. A judgment was ren-dered on verdict for the appellee.

The ruling of the court above noted is here assigned as error.

J T. NORMAN, for appellant.

H. C. TOMPKINS, *contra.*

(No briefs came to the hands of the reporter.)

[Wilkinson v. Ketler.]

SOMERVILLE, J.—The judgment in this case is reversed on the authority of *Pearson v. Evans*, 61 Ala. 416, and the cause is remanded. The written note or obligation, on which this suit is founded, did not conform strictly to the requirements of section 3286. The consideration was not exclusively for advances obtained for the purpose of enabling the promisor to make a crop. A material portion of the consideration was an account due from the maker of the note to a third party, which the payee had in his hands for collection, and, under the above authority, this, being intentionally and knowingly included in the note, operated to vitiate it as a statutory crop-lien note for advances.

STONE, J., *dissenting.*—I did not sit in the case of *Pearson v. Evans*. I dissent both from that opinion and from this. I do not think a crop-lien for advances should be vitiated, merely because some items of the claim are for articles for which the statute gives no lien. That error is frequently committed ignorantly and innocently. Between the parties, such error certainly should not vitiate. And outsiders, unless they are creditors who would be defrauded by simulated liability, are not injured, and of course are not defrauded. In the absence of fraud, I think such declaration of lien should stand good, to the extent the statute authorizes such lien to be declared.