# Connor *v.* Jackson.

### *Action on Attachment Bond.*

1. *Advances to make crop; sufficiency of recitals in note.*—A writing which expresses as its consideration "necessary advances in horses, mules, oxen, and necessary provisions, farming tools and implements, and money to procure the same, obtained by me *bona fide* for the purpose of making a crop the present year;" and further declares, "without such advances it would not be in my power to procure the necessary teams, provisions, money, implements, &c., to make a crop the present year,"—shows a substantial compliance with the requisitions of the statute (Code, § 3286), and creates a statutory lien on the maker's crop.

APPEAL from the Circuit Court of Pike.

Tried before the Hon. JOHN P. HUBBARD.

This action was brought by Ace Jackson, against Martin Connor and his sureties on an attachment bond, to recover damages for an alleged breach of the bond; and was commenced on the 30th December, 1882. The attachment was sued out on the ground, as expressed in the affidavit on which it was founded, that said Jackson "is justly indebted to said Connor in the sum of $157.85, for necessary advances in horses, mules, oxen, and necessary provisions, farming tools and implements, and money to purchase the same, obtained *bona fide* for the purpose of making a crop the present year (1882), and that the said Jackson has removed from the premises, or otherwise disposed of a part of the crop, without paying the amount of said advances, and without the consent of the said Martin Connor, so that ordinary process of law can not be served on him." Issue being joined, as the bill of exceptions recites, "on the plea of *not guilty*," the plaintiff read in evidence the affidavit, bond and attachment, and proved that he was the tenant of one Warrick for the year 1882, and had executed to said Connor an instrument of writing, commonly called a crop-lien note, in words and figures as follows:"

"By the first day of October next, I promise to pay M. Connor, or bearer, two hundred and fifty dollars for value received, it being for necessary advances in horses, mules, oxen, and necessary provisions, farming tools and implements, and money to procure the same, obtained by me *bona fide* for the purpose of making a crop the present year on Warrick's plantation, and all plantations cultivated by me, or under our direction, in Pike county, Alabama; and without such advances it would not be

[Connor v. Jackson.]

in our power to procure the necessary teams, provisions, money, implements, &c., to make a crop the present year; hereby creating a lien thereon, in accordance with sections 1858 to 1860 inclusive of the Revised Code of Alabama, and sections 3286 to 3288 inclusive of the present Code; and it is further agreed, that if the said Connor shall advance me any thing, over and above the amount named in the above note, this lien shall stand as security for the same, as fully as if included in the original amount of this instrument; and to further secure the payment for the said advances," a waiver of exemptions was then added. This instrument was dated January 12th, 1882, and duly recorded on the 3d February, 1882.

The plaintiff having further proved the value of the property taken under the attachment, and the attorney's fees paid by him in defending the attachment suit, "the defendants then introduced testimony showing the amount due as claimed in the attachment, and that the same was then due and unpaid for advances made under the said instrument above set out; and they also introduced evidence tending to show that said plaintiff had removed a portion of the crop from the premises, without his consent, and without paying for said advances; the real point of contention being, that said note created a statutory lien enforceable by attachment, and therefore an attachment would be properly sued out, so far as such lien is concerned, under said note. This being substantially all the evidence, the court charged the jury, that said instrument did not give or create any lien on plaintiff's crop for said year, and that said attachment was therefore wrongfully sued out, so far as it was founded on any lien supposed to be created by said note." The defendants excepted to this charge, and they here assign it as error.

PARKS & SON, for appellants.

STONE, J.—The contract in the present case was intended to conform to section 3286 of the Code of 1876, and to create what is called a crop-lien. The court below held the writing insufficient; and that is the only question presented by the record. The writing binds Jackson to pay two hundred and fifty dollars, and expresses, as the consideration, "necessary advances in horses, mules, oxen, and necessary provisions, farming tools and implements, and money to procure the same, obtained by me [Jackson] *bona fide* for the purpose of making a crop the present year." The writing declares, that "without such advancements, it would not be in my [Jackson's] power to procure the necessary teams, provisions, money, implements," &c., "to make a crop the present year." We think the words

30

last copied were intended to refer, and do refer to those first stated, and that they were intended to be equally comprehensive. We hold them to be the equivalent of the expression, "the said articles," or, "the commodities aforesaid." Either of these, preceded by a proper enumeration of the articles furnished, if within the classes the statute permits, would constitute a sufficient declaration in writing, or *written note*, to create the lien.

We apprehend the circuit judge was misled by some expressions found in *Schuessler v. Gains*, 68 Ala. 556. The ruling in that case was clearly correct, in the case then presented. When, however, as in this case, the writing shows the necessity for the advance to make a crop, and is as broad as the advance obtained, the spirit and substance of the statute are complied with.—*Flexner v. Dickerson*, 65 Ala. 129; *Collier v. Faulk*, 69 Ala. 58.

Reversed and remanded.