# Bell & Co. *v.* Hurst & McWhorter.

*Assumpsit for Money had and received.*

1. *Lien of landlord when advances made by another at his instance and request; operation of the statute.*—By extending the lien of the landlord so as to cover advances made by others at his instance and request, it was not intended to confer upon him the power to appoint another to make advances to his tenant, thereby clothing such person with the lien declared by the statute; but merely to afford him indemnity against any liability he might thereby assume for the tenant.

2. *Same; when does not exist.*—Hence, if the advances are made by a third person with the understanding, either express or implied, that he is to look to the tenant, and not to the landlord, for payment, although made at the instance of the landlord, and on his request, no liability resting on the landlord, there is no room for the operation of the statute, and the lien does not exist.

3. *Lien for advances; what necessary to its validity.*—When the statutory lien for advances is asserted, not only must the terms of the "written note or obligation" be in substantial compliance with the requirements of the statute, but all the articles advanced and for which the note is intended·by the parties as a security, must be of the statutory class.; and hence, the lien does not exist, when the note or obligation is founded, in part, on other considerations than the advances contemplated by the statute.

APPEAL from Lowndes Circuit Court.

Tried before Hon. JOHN MOORE.

This was an action of *assumpsit*, brought by Hurst & McWhorter against N. J. Bell & Co., to recover for certain cotton, part of a crop raised by one Cook on a designated plantation, on which the plaintiffs claimed to have a mortgage, and

which the defendants had received from Cook and sold, with notice of plaintiffs' mortgage. The cause was tried on issue joined on the plea of *non-assumpsit*, the trial resulting in a verdict and judgment for the plaintiffs. As appears from the evidence set out in the bill of exceptions, Green Cook, having rented certain lands, known as the Gilchrist plantation, from K. L. Haralson and E. L. James, and being indebted to the plaintiffs, executed to the latter, on 17th November, 1880, a mortgage on the crops to be grown by him during the year 1881, on the rented place, which was duly recorded on 12th January, 1881. The evidence was conflicting as to whether the note secured by the mortgage evidenced a pre-existing debt, or a debt contracted contemporaneously with the execution of the note and mortgage. There was also some evidence that the defendants had actual notice of the plaintiffs' mortgage " in January or February, 1881." During the year 1881, Cook raised a crop of corn and cotton on the rented place, and of that crop the defendants received cotton to the value of about $900. On the 14th January, 1881, Cook also executed to the defendants a mortgage on the crops to be grown on said place during the year 1881, and a note which was intended as a crop-lien note under the statute ; and, as their testimony tended to show, they " supplied and furnished Cook, after 16th January, 1881, teams, provisions and farming implements or money to purchase the same and for other purposes, to the value of one thousand dollars, as shown by an account " attached to the bill of exceptions as an exhibit.

The defendants read in evidence an instrument in writing signed by Haralson and James, and dated 16th January, 1881, which is as follows :   " We hereby request N. J. Bell & Co. to advance to Green Cook, our tenant on the Gilchrist plantation, the present year, and collect any or all such advances out of the crop after the rent has been paid to us ; waiving all rights invested in us as landlords to N. J. Bell & Co. ;" and they proved that the advances which they made to Cook " were furnished after the execution of the foregoing paper and on the faith thereof." The plaintiff moved to exclude said instrument from the jury ; the court sustained the motion and excluded it from the jury ; and to this ruling the defendants excepted. The other facts disclosed by the evidence, necessary to an understanding of the points decided, are stated in the opinion.

The defendants asked the court in writing to give the following charge to the jury :   " If the jury believe from the evidence that the note executed by Green Cook, secured by the mortgage to the plaintiffs, was given for the extension of a debt made during the year 1880, and not for horses, mules, oxen or necessary provisions, farming tools and implements, or money

to purchase the same, and they further find that the defendants did make advances in horses, mules, oxen or money to purchase the same to enable Green Cook to make a crop during the year 1881, and that Green Cook executed the note introduced in evidence to N. J. Bell & Co., and the same was recorded within sixty days, and the amount of such advances was equal to or exceeded the amount of the crop received by the defendants of Green Cook, then said note made by Green Cook to defendants is a superior lien to the plaintiffs', and the plaintiffs can not recover." This charge the court refused, and the defendants excepted.

The rulings above noted are here assigned as error.

WATTS & SON and HOUGHTON & TYSON, for appellants.

R. M. WILLIAMSON and COOK & ENOCHS, contra.

· BRICKELL, C. J.—The statute declares a lien in favor of a landlord on crops grown on rented land for the rent of the current year, "and for advances made in money or other thing of value, whether made directly by him, or at his instance and request by any other person, or for which he has assumed the legal responsibility at or before the time at which such advances were made."—Code of 1876, § 3467. The lien is declared in favor of the landlord, and operates for his security and protection. By extending the lien so as to cover advances made by others at his instance and request, it was not intended to confer upon him the power to appoint another to make advances to his tenant, thereby clothing such person with the lien declared by the statute. Where the advances are not made to the tenant "directly" by the landlord, but by others "at his instance and request," the clear purpose of the statute is to afford him · indemnity against the liability he thereby assumes for the tenant. If, therefore, the advances are made by a third party with the understanding, either express or implied, that he is to look to the tenant, and not to the landlord, for payment, although made at the instance of the landlord, and on his request, no liability resting on the landlord, there is no room for the operation of the statute, and the lien does not exist. The immediate circumstances surrounding the execution by Haralson and James, the landlords, of the paper-writing offered in evidence by the appellants, are not stated in the record. But it is clear, from the language of the instrument, especially when construed in the light of the preceding and subsequent conduct of the appellants, that it was not in the contemplation of the parties, that the landlords should become liable to the appellants for any advances which the latter might make to the

tenant Cook. It is true there is a request that the appellants should advance to Cook, but this request is accompanied by language which rebuts the implication of liability which might otherwise spring from it. Though inaptly worded, it is manifest that both parties intended that the appellants were to look for payment to the tenant and to his crop, and to the crop only after the rent was paid. Such was evidently the construction placed on the instrument by the appellants at the time. Two days before, the tenant had executed to them a note, intended as a crop-lien note under the statute, and a mortgage, to secure advances which they agreed to make during the year. An account was opened with the tenant, and the advances, as they were made, were charged against him, and not against the landlords. The only legal effect the instrument can have is that of an agreement on the part of the landlords, that they would not advance to the tenant during the year, thereby imperiling the lien created by the note and mortgage executed to the appellants by the tenant. There was no error in the ruling of the circuit court excluding the writing from the jury.

The only remaining question arises from the refusal of the court to give the charge requested by the appellants. This charge is based on the theory that the appellants had a lien for advances made by them to Cook under section 3286 of the Code, and that this lien was superior to the prior mortgage executed by Cook to the appellees. The bill of exceptions does not purport to set out all the evidence introduced on the trial. It contains the note and mortgage executed by Cook to the appellants, and recites that the appellants introduced evidence tending to show that they supplied and furnished Cook, during the year 1881, with "teams, provisions and farming implements, or money to purchase the same, and for other purposes, to the value of one thousand dollars, as shown by account hereto attached." The first item of the account is a large balance carried over from the year 1880. Numerous items of cash paid to various parties at different times are also embraced in the account, without any explanation given of the purposes for which the money was paid or used. There are other items in the account which can not be affirmed, unaided by explanatory evidence, to come within the category of articles designated by the statute. The account also aggregates over two thousand dollars, while the note is only for one thousand dollars. What items contained in the account, formed the consideration of the note, constituted the advances intended by the parties to be secured thereby, the record fails to show. The note could not, in any event, as between the parties to this suit, operate as a security for a greater amount than that expressed in it.—*Collier & Son v. Faulk & Martin,*

69 Ala. 58.   To defeat the action of the appellees, who claim under a prior mortgage, and to maintain the correctness of the charge requested, the appellants must show that they had a valid lien under the statute for advances made to Cook, and that the proceeds of the crop received by them were not more than sufficient to satisfy and discharge that lien.   This involves the necessity of showing, not only that the terms of the note executed by Cook, the tenant, were in substantial compliance with the requirements of the statute, but that the articles advanced came within the class of articles mentioned in the statute.—*Boswell & Wooley v. Carlisle, Jones & Co.*, 55 Ala. 554; *Evans v. English*, 61 Ala. 416; *Carter v. Wilson, Ib.*, 434; *Schuessler v. Gains*, 68 Ala. 556.   This requires that all the articles advanced, and for which the note is intended by the parties as a security, should be of the statutory class.   As we said in *Evans v. English, supra*, "Commingling other debts, founded on other considerations, and a security for all, is not intended.   Such security may be taken by mortgage or other appropriate instrument.   But whatever may be the terms of the instrument, it is not the security the statute authorizes, and is not entitled to the statutory priority."   This principle was again announced in *Comer v. Daniel*, 69 Ala. 434, and it may now be considered as the settled rule for construing this class of contracts.   Conceding, then, that the terms of the note are in substantial compliance with the statutory requirements, it is manifest, both from the recitals in the bill of exceptions, and from the account which is exhibited thereto, that the note is founded, in part, on other considerations than the advances contemplated by the statute; and, also in part, on considerations which are not shown to be within the class of articles intended to be secured as advances.   This case is clearly within the rule announced in *Evans v. English* and *Comer v. Daniel, supra.*   There was no error in refusing the charge requested.

Affirmed.