# Marcus *v.* Robinson.

*Statutory Detinue, by Mortgagee of Personal Property.*

1. *Payment of mortgage debt, as defense to action.*—Payment of the mortgage debt, before suit brought, is a complete defense to an action of detinue for the mortgaged property, or the statutory action for the recovery of specific chattels.

2. *Advances to make a crop, as consideration of mortgage.*—The secured debt being evidenced by a promissory note, which purports to have been given in consideration of "an advance for the purpose of making a crop," and which is proved to have been given for future statutory advances necessary for making a crop (Code, § 3286), the mortgage secures only such articles as are within the purview of the statute, not exceeding the amount of the note.

3. *Same; what articles are within statute.*—Whiskey and tobacco are not within the purview of the statute (Code, § 3286) creating a lien for advances to make a crop.

APPEAL from the Circuit Court of Montgomery. Tried before the Hon. JOHN P. HUBBARD.

This action was brought by H. Marcus, against F. Robinson, to recover a mule, and a "one-horse wagon with patent wheels and spring seat," together with damages for their detention. Under the ruling of the court, striking out of the plaintiff's account certain items for whiskey, tobacco, &c., on the ground that they were not included in the consideration of the note secured by the mortgage under which plaintiff claimed the property, he was compelled to take a non-suit; and this ruling, to which plaintiff duly excepted, is now assigned as error.

WILLIAMSON & HOLTZCLAW, for appellant.

JNO. GINDRAT WINTER, contra.

SOMERVILLE, J.—The action is brought by the plaintiff as mortgagee, for the recovery of certain personal property conveyed to him in the mortgage. It is not denied that the suit must fail, if the mortgage debt is shown to have been paid (Burns v. Campbell, 71 Ala. 271); and the question of payment vel non, is the only one presented for our consideration.

The mortgage is given to secure a certain promissory note, dated in January, 1881, payable to the plaintiff, in the sum of three hundred dollars. The consideration of this note is described in the instrument itself, as "an advance for the purpose of making a crop;" and the note seems, in other respects, to conform to the requirements of the statute which creates a lien for certain advances obtained to make a crop.—Code, 1876, § 3286. It is shown that, when the note was executed, it contemplated the future advances of such articles of merchandise only as was necessary to enable the defendant, Robinson, to make a crop during the current year. No money, or other consideration, passed between the parties at the time.

If the note is construed to embrace certain charges in the plaintiff's account against defendant, consisting of whiskey, tobacco, and other like articles, it is admitted that the mortgage debt is not fully satisfied ; but otherwise it has been. So, the articles in question were manifestly such as were not necessary to make a crop, and the record contains an admission to this effect.

Under this state of facts, the court is of opinion, that this portion of the account is not included in the note, and, therefore, not intended to be secured by the mortgage. The note, by its terms, purports to embrace only such articles as would fall within the statute authorizing the creation of a lien on crops for certain kinds of advances. These advances are re-

quired to be such as are necessary to enable the party who obtains them to make a crop, and no other articles can be lawfully included.—Code, § 3286; *Comer v. Daniel*, 69 Ala. 434.

The mortgage, being given to secure the note only, can not be construed to cover matters of account entirely outside of the note. A verbal agreement to that effect, between the mortgagor and mortgagee, would, no doubt, have been good *inter partes*, as a parol mortgage; but there is no evidence in the record showing such an agreement.—*Burns v. Campbell*, 71 Ala. 271. The mortgage debt was, therefore, paid, and the plaintiff must fail in his action.

Affirmed.