# Napier *v.* Foster.

*Action on Detinue Bond; Plea of Set-Off.*

1. *A waiver by landlord of lien for current year no waiver of other lien.* A waiver by a landlord, of his lien, in favor of another, for advances to be made his tenants to enable them to make a crop the current year, does not operate a waiver of the landlord's lien in favor of an antecedent debt of the tenant, except by consent of the landlord.

APPEAL from the Circuit Court of Bullock.

Tried before the Hon. H. D. CLAYTON.

This action was brought by appellant against appellee to recover damages on a detinue bond. To that suit appellee

[Napier v. Foster.]

put in a plea claiming a set-off which is fully set out in the opinion of the court. On the trial of the cause, the court, at the request of defendant, gave, among others, the following charge: "That if Napier waived his landlord's lien on Sydney Jones and hands' crops, in favor of Foster, and that Sydney Jones and hands agreed that the account of Vol. Ryas should be included in the account by the consent of Sydney Jones and hands, then Sydney Jones and hands' mortgage covered all the items in the account introduced as evidence; and whether Napier knew of or assented to the Vol. Ryas account being in the account against Sydney Jones and hands would make no difference, unless the waiver by Napier, if made, was upon condition that Foster would advance articles of certain other character." To the giving of this charge plaintiff excepted, and assigns the same as error.

J. T. NORMAN, and H. C. TOMPKINS, for appellant.

FEAGIN, CUNNINGHAM, and WATTS, for appellee.

STONE, C. J.—Sydney Jones and hands were tenants on the lands of George C. Napier for the year 1879, under a contract to pay him five hundred dollars rent. With the knowledge and approbation of Napier they agreed with Foster, a merchant, to advance supplies to them to enable them to make a crop for that year, and entered into a written agreement, note or crop lien, in which it was recited that said advance was obtained *bona fide* to enable them to make a crop in the year 1879, without which it would not be in their power to procure the necessary team, provisions and farming implements to make a crop. They also gave a mortgage on the crop and on a mule to secure such advances, and these instruments were properly recorded. To induce Foster to make these advances, Napier agreed with him, among other things, to waive in his favor the landlord's lien for rent, to the extent of five hundred dollars to be advanced. There is no material discrepancy in the testimony up to this point. The contracting parties differ in this: Napier's version of the contract is, that his waiver was given on the condition and agreement that Foster would advance up to the sum of five hundred dollars, and that he stopped short of that sum; thus leaving Napier to continue to supply them from his own means and resources. Foster testified he was to furnish no particular sum, but it was not to exceed five hundred dollars. No legal question is raised on this discrepancy. When the crop was gathered, Napier got possession of it, sold it, and converted the proceeds to his own use—some five hundred dollars—and Foster received nothing.

[Lawson et al. v. Ala. Warehouse Co.]

In a suit by Napier against Foster on a moneyed demand, the latter relied on the foregoing claim as a set-off to the extent, about five hundred dollars, he alleged he had furnished Jones and hands under said contract. One item of the account thus claimed as set-off was as follows: One Ryas, a laborer, was indebted to Foster in the sum of sixty one and 50-100 dollars, on a past transaction. Jones desired to employ Ryas as a laborer in his crop, but could not do so unless he would assume the Ryas debt, and consent to make it part of the advance he was to receive from Foster. This was agreed to, and this item constituted part of the account he claimed in set-off. Napier swore this arrangement was made without his consent, while Foster testified it was with Napier's knowledge and consent. The court, at Foster's request, charged the jury that if this arrangement was made and agreed upon between Foster and Jones and hands, it made no difference whether Napier knew of or assented to it or not; the mortgage of Sydney Jones and hands would cover it, if Napier waived his landlord's lien in favor of Foster. In this the Circuit Court erred. *Marcus v. Robinson*, 76 Ala. 550.

We can not perceive that charge four injured appellant, and hence we need not pronounce on its correctness.

Reversed and remanded.