# Clanton *v.* Eaton.

### *Attachment by Landlord against Tenant's Crop, for Advances.*

1. *Advances by third person to tenant, at instance or request of landlord.* The landlord has a statutory lien on his tenant's crop, for advances made by himself, "or by another at his instance and request, or for which he became legally bound or liable at or before the time such advances were made" (Code, § 3056); but, to create this lien for advances made by a third person, it must be shown that the tenant had knowledge of the arrangement at the time, or that he ratified it after notice, or by procuring subsequent supplies.

APPEAL from the Circuit Court of Jackson.

Tried before the Hon. JOHN B. TALLY.

This action was brought by Wm. H. Clanton, against John H. Eaton, who was his tenant; and sought to enforce, by attachment against the defendant's crop, a statutory lien for advances made to the defendant by one Hall, a merchant, at the instance and request of the plaintiff, as he alleged.

In the oral charge to the jury, the court said: "If the goods were purchased by the defendant on his own account, and without any knowledge on his part of an arrangement between the plaintiff and Hall, then there is no lien." The plaintiff duly excepted to the giving of this charge, and asked the court to give the following written charges: (1.) "If the jury believe from the evidence that advances were made by Hall, at the instance and request of the plaintiff, or for which the plaintiff became legally bound or liable at or before the time such advances were made, then the plaintiff, as the landlord of the defendant, has a lien on the crop of the defendant for the price of said advances." (2.) "If the jury believe from

the evidence that advances in money, or other thing of value, were made by Hall to the defendant at the instance and request of the plaintiff, or for which he became legally bound or liable at or before the time such advances were made, and that such advances were for the sustenance or well-being of the defendant or his family, and that the plaintiff was the landlord of the defendant; then the plaintiff, as such landlord, had a lien on the crop of the defendant for the price of such advances, and is entitled to recover in this action." (3.) "To entitle the plaintiff to the lien for advances, it must only appear that plaintiff was the landlord of the defendant, that goods or things of value were furnished to the defendant at plaintiff's instance and request, or for which he became legally bound or liable at or before the time such advances were made, and that such advances were for the sustenance or well-being of the tenant or his family, or for preparing the ground for cultivation, or for cultivating, gathering, saving, handling, or preparing the crop for market; and it need not appear that the arrangement to furnish the advances was known to the defendant prior to his purchase of them." (4.) "If the jury believe from the evidence that, in the Spring of 1888, the defendant applied to Hall to buy supplies on his own credit, and that said Hall refused to sell him goods until he could consult the plaintiff; that afterwards Hall did consult the plaintiff, who agreed to become liable for such goods to the amount of $75 or $100, and that accordingly said Hall did sell to the defendant goods for the sustenance or well-being of the tenant or his family, for preparing the ground for cultivation, or for cultivating, gathering, moving, handling, and preparing the crop for market; that said goods were furnished on the credit of the plaintiff; that after it was made known to the defendant that plaintiff was bound for the account, and the defendant then acknowledged the correctness of the account, and agreed to pay it to the plaintiff; then the plaintiff had and has a lien on the crops of the defendant for his security, although prior to the purchase of the goods the defendant had no actual knowledge of the arrangement between the plaintiff and Hall, and the account was charged to the defendant instead of to the plaintiff." The court refused to give each of these charges as requested, and the plaintiff duly excepted to each refusal; and he also excepted to each of the following written charges, given on request of the defendant: (1.) "If the jury are satisfied from the evidence that, at the time the defendant made the account, he believed he was making it on his own credit, and knew nothing of Clanton's liability for it, he can not be charged with the account, notwithstanding he

may afterwards have been informed by Clanton that he, Clanton, had assumed to see it paid." (2.) "The burden is on the plaintiff to reasonably satisfy the jury that defendant knew that Clanton was liable for his account at Hall's store, at the time he made the account, and he purchased the goods knowing that Clanton had procured credit for him at the store, it would not make him liable merely because he was informed of it at crop gathering time, after the crop was made." (3.) "The jury can't assume that defendant knew that Clanton had assumed to be liable for this account. They must be satisfied from the evidence that he knew it, and the burden is on the plaintiff to satisfy the jury by evidence of the fact."

The charges given, and the refusal of the several charges asked, are now assigned as error.

Wm. L. Martin, for appellant.—The effect of the rulings of the court upon the charges asked and his oral charge was to add terms to the statute.—Code of 1886, § 3056; 3 Brick. Dig., p. 555, § 178.

No counsel marked for appellee.

CLOPTON, J.—Appellant sued out an attachment to enforce a landlord's lien for advances made to defendant, his tenant, by C. A. Hall, a merchant, for which appellant became bound before the time the advances were made. The evidence, without conflict, shows the following facts : Defendant was the tenant of plaintiff during the year 1888. During that year, he purchased from Hall goods and supplies, of the character mentioned in the statute creating the landlord's lien. Before Hall sold him any goods or supplies, plaintiff consented and agreed that Hall could sell the same to defendant on credit, and he would be responsible for the payment of the account; but defendant knew nothing of the arrangement between plaintiff and Hall, until about "gathering time," when plaintiff informed him that he was responsible to Hall for the account. and requested defendant to pay the same, which he promised to do, and did pay twenty dollars thereon. Plaintiff has paid Hall the balance of the account.

The statute declares a lien in favor of the landlord "on the crop grown on rented lands, for rent for the current year, and for advances made in money, or other things of value, either by him directly, or by another at his instance or request, or for which he became legally bound or liable, at or before the time such advances were made, for the sustenance or well-being of the tenant or his family, or for preparing the ground for

cultivation, or for cultivating, gathering, saving, handling, or preparing the crop for market."—Code, § 3056. The purpose of the statute is to enable the tenant to procure advances necessary to sustain himself and family, and to carry on his farming operations from the time the preparation of the soil is commenced to the preparation of the crop for market. The lien is declared for the security and protection of the landlord, and to afford him indemnity against the liability he assumes when the advances are made by another and he has become bound or liable therefor. The statute does not necessarily create the lien on the mere concurrence of the naked facts mentioned therein. The sufficiency of such concurrence depends on other incidental and qualifying principles. When the advances are made by a third party, it is essential to the existence of the lien that he shall look to the landlord for payment, though the advances may have been made at his instance or request, "no liability resting on the landlord, there is no room for the operation of the statute, and the lien does not exist."—*Bell v. Hurst*, 75 Ala. 44. The lien created by the statute rests on contract, express, or implied,—on the assent of the tenant to advances being made by the landlord directly, or by another at his instance and request, or on his becoming liable. Without proof of the existence of a debt for advances, there can be no recovery by the landlord in an attachment suit to enforce the statutory lien. It is well settled, that one can not voluntarily pay another's debt, without his consent or request, or in the absence of facts or circumstances from which such consent or request can be inferred, and thus constitute himself a creditor, and money so paid can not be recovered. *Keeran v. Holloway*, 16 Ala. 53 ; *Wray v. Cox*, 24 Ala. 337. If, therefore, the landlord gratuitously, without the request or knowledge of the tenant, makes himself liable for advances, which the tenant understands he is procuring and purchasing on his own account and sole credit, this does not constitute advances made by the landlord through another in the meaning of the statute, nor will voluntary payment therefor constitute the tenant his debtor. The landlord can not thus arbitrarily, and of his own will, without the concurrence of the tenant, acquire a lien on his crop declared by the statute to be paramount to all other liens.

But this rule is subject to modification. Though there may have been no previous request, the tenant's ratification, after being informed that the landlord became liable to enable him to obtain the advances, will as effectually support the lien as if done at his special instance—the landlord paying the demand may recover as for money paid at the request of the

[Ballard v. Stephens.]

tenant.—*Evans v. Billingsley*, 32 Ala. 395. If, therefore, the advances were made on the credit of plaintiff, and he informed defendant that he had become bound or liable for the advances made by Hall, and defendant promised to pay the same, this may well be regarded as ratification or adoption sufficient to bring the advances within the spirit and meaning of the statute, especially if defendant got advances from Hall thereafter, which may be inferred from the evidence. The fourth charge requested by plaintiff asserts this proposition, and should have been given ; also, the first charge asked by defendant, which substantially asserts the opposite doctrine, is erroneous. It further follows, there is no error in refusing the first, second and third charges requested by plaintiff. The second charge asked by defendant, and the part of the general charge excepted to, are subject to criticism, in that they ignore the evidence tending to show·ratification.

Reversed and remanded.