# Giddens *v.* Bolling.

*Attachment Suit by Landlord, for Rent and Advances.*

1. *Attachment for rent and advances; items not within statute.*—When an attachment is sued out by a landlord against his tenant's crop, claiming an aggregate sum for rent and advances (Code, §§ 3056, 3061), the fact that one item in the account is not within the statute is not good ground for a dissolution of the attachment *in toto;* though the rule is otherwise, where the attachment is sued out to enforce a statutory lien for advances to make a crop.

2. *Plea to merits as waiver of defects.*—In a suit commenced by attachment for rent and advances, a plea to the merits is a waiver of all objections founded on the character of the items composing the plaintiff's demand; and issue being joined on it, the only question for the jury is as to the fact and amount of indebtedness.

3. *Variance; account due to plaintiff individually, or to his partnership.*—When plaintiff sues individually on a claim for rent and advances, and the evidence shows that the advances were made by a partnership carried on in the name of himself and his son, but that the son was only a nominal partner, being employed on a salary, there is no material variance.

4. *Contract in fraud of creditors.*—In an action on a promissory note which purports to have been given for the rent of lands, the defendant can not be allowed to testify that, "when he signed the note, it was agreed between him and plaintiff that he was not to pay any rent, that it was to go that way to the outside world because he was in debt to other parties, and so that he could keep his creditors off until he could pay them up;" and if this evidence is admitted without objection, it is no defense to the action, and presents no objection to a general charge in favor of plaintiff's right of recovery.

Appeal from the Circuit Court of Pike.

Tried before the Hon. John P. Hubbard.

This action was brought by R. E. Bolling against J. C. Gid-

[Giddens v. Bolling.]

dens, and was commenced by attachment sued out on the 18th December, 1889, claiming $1,275 as the aggregate amount due for rent and advances to make a crop during the year 1889. The debt for rent was evidenced by the defendant's promissory note for $800, which recited that it was given for the rent of plaintiff's plantation for the year 1889. The advances were made by or through R. E. Bolling & Co., a mercantile partnership doing business in Montgomery; the amount claimed being the balance due after deducting the proceeds of some of the property sold under the mortgage at an appraised value. One item in the plaintiff's account, as produced on the trial, was $48.75, paid to one Mills at defendant's request. The defendant submitted a motion to dissolve the attachment, on the ground that the claim on which it was founded would not support an attachment against the crops; which motion being overruled, issue was joined on a plea to the merits. On all the evidence adduced, the court gave the general charge for the plaintiff, and the defendant excepted. The overruling of the motion to dissolve, and the charge to the jury, are now assigned as error.

GARDNER & WILEY, for appellant.

E. P. MORRISSETT, contra.

McCLELLAN, J.—This action was commenced by attachment for rent and advances, sued out by the landlord, Bolling. One item of comparatively insignificant amount, in the account of the landlord, was neither for rent nor advances. On this a motion was predicated to dissolve the attachment in toto. It was properly overruled. Authorities are cited to sustain the assignment of error directed against the court's action in this regard, which bear upon the entirely different question presented where it was sought to enforce the lien on crops, &c., conferred by section 3286 of the Code of 1876, under a written note or obligation which covered items not within the terms of the statute. In such cases, it was uniformly held, that the effort to fix a lien on the crops, for items not provided for, vitiated the obligation, so far as the rights and remedies given by the statute were concerned, as a whole, so that no lien arose, or could be enforced, even for other items included therein, which came within the terms of the act. And from this view it resulted, that an attachment under section 3288 of that Code was subject to a motion to dissolve in toto, unless every item of the debt, for the collection of which the extraordinary remedy was invoked, was incurred for "horses, mules,

[Giddens v. Bolling.]

oxen, or necessary provisions, farming tools and implements, or money to purchase the same."—*Pearson v. Evans*, 61 Ala. 416; *Connor v. Daniel*, 69 Ala. 434; *Bell v. Hurst*, 75 Ala. 44. The considerations underlying these adjudications can have no application in a case like the present, where the attachment is sued out by the landlord for a gross sum alleged to be due from his tenant for rent and advances. In such case, the fact that one inconsiderable item going to make up the amount claimed is not of the character for which the statute gives a lien enforceable by attachment, does not vitiate the claim for which the lien does exist, nor deprive the landlord of his remedy by attachment for the collection of such claims. What the remedies of a defendant in attachment, with respect to that part of the claim which is not a debt for which the writ may issue, are, it is unnecessary for us to decide. It may be a motion to strike out such items, and discharge the levy *pro tanto*, would be appropriate. Possibly, also, an action on the case, as for excessive levy, would lie. But, however that may be, we are very clear to the conclusion, that his remedy is not by motion to dissolve the attachment *in toto*, and the ruling of the trial court against that motion in this case was free from error; and this would be true, even though the entire claim for advances had appeared to be made up of items which were not of the class for which a lien is given, so long as other part of the gross sum was for rent due the plaintiff in attachment.

The motion to dissolve the attachment having been overruled, and properly so, we think, and issue joined on the merits, the sole question before the jury was that of indebtedness *vel non* from defendant to plaintiff, on the matters set forth in the complaint, and the amount of it, wholly irrespective of the character of the items composing the claim as being for rent and advances, or otherwise.—Code, §§ 2996, 2999; *Burroughs v. Wright*, 3 Ala. 43; *Brown v. Coats*, 56 Ala. 429.

On the trial, there was evidence tending to show, or from which the jury might have inferred, that the advances to the defendant were made by R. E. Bolling & Co. The evidence is without conflict, however, that, while there was nominally such firm as R. E. Bolling & Co., yet only R. E. Bolling had any interest in its business or property, and hence that he alone was beneficially interested in the account for advances involved here. The mere fact of the business being carried on under a firm name, even conceding that thereby a son of R. E. Bolling, who really had no interest at all in it, but was a clerk receiving a salary for his services as such, was held out as constituting the "company" in the partnership, could afford no inference against Bolling's right to recover in this action in

[Giddens v. Bolling.]

his own name. And so far as the exception to the general charge proceeds on the contrary theory, it is untenable, the evidence of plaintiff's beneficial ownership of the demand being uncontroverted.

Similarly, the evidence that the defendant owed the amount claimed for advances, as also the item he had assumed to pay for one Mills, is free from all conflict and adverse inferences. Indeed, the only contention of the defendant as to his liability was with respect to the claim for rent, and the confinement of his attempted impeachment of the account to this item must be taken as an admission of its correctness as to all other items. *Burns v. Campbell*, 71 Ala. 271.

In denial of his liability for rent, for which he had executed a note to the plaintiff, which note was in evidence, the defendant testified as follows: "That when he signed said note, it was agreed between plaintiff and himself that he was not to pay any rent; that it was to go that way to the outside world, because he was in debt to other parties, and so that he could keep his creditors off until he could pay them up." This evidence was manifestly illegal, and doubtless would have been excluded on objection. Being admitted, however, if it tended to establish any fact which would have been a defense to the action, in whole, or in part, the general charge given for the plaintiff was erroneous. But it did not tend to establish any such fact. Taken all together, as it must be, it went only to show that the execution of the note was the result of a fraudulent combination between the parties to it, for the purpose of hindering and delaying the creditors of the maker; and if this state of facts had been fully shown, and found to exist by the jury, they yet would not have been justified in returning a verdict for the defendant, as to the amount evidenced by the note. He could not thus rely upon his own fraud and iniquity to gain an advantage in a court of justice. These facts, however fully proved, constituted no defense to the action on the note, as was held in another branch of this litigation at the resent term ( *Giddens v. Bolling*, 92 Ala. 586 ); and there was no error committed by the court in giving the general charge for plaintiff, notwithstanding evidence was received which tended to establish them.— *Williams v. Higgins*, 69 Ala. 517.

The judgment of the Circuit Court is affirmed.