# Gerson & Sons v. Norman.

### Action of Detinue.

1. *Advances by third person. to tenant, at instance of landlord; landlord must incur liability in order for statutory lien to attach.*—The statute (Code, § 3056) extending the lien of a landlord so as to cover advances made by others to his tenant, at his instance and request, is intended to afford the landlord indemnity against any liability he might thereby assume for his tenant, and does not empower the landlord, by appointing another to make advances to his tenant, to confer upon such power the lien declared.

2. *Same; when lien does not exist.*—If advances are made by a third person under an agreement, express or implied, that he is to look to the tenant and not to the landlord, for payment, although made at the latter's instance and request, but without his incurring any liability therefor, there is no room for the operation of the statute, and the lien does not exist; and the fact that in his request the landlord waived his lien in favor of the third person making the advances is not sufficient, in the absence of the landlord's assumed liability for such advances, to clothe the person making them with the lien declared by the statute.

3. *Same; tenant must have knowledge of the arrangement; burden of proof.*—In order to create the lien declared by statute (Code, § 3056) in favor of a landlord for advances made by others to his tenant at his instance and request, it must be shown that he had knowledge of the request and of the consequent arrangement at the time, or that he ratified the transaction after notice; and in an action of detinue by a mortgagee of a crop for a part thereof, where the defendant relies on subrogation to the landlord's lien for advances which were made by the defendant to the mortgagor tenant, at the request of the landlord, the burden of proving the tenant's knowledge of the arrangement or ratification of the transaction after notice, as well as the other facts entitling him to subrogation, is upon the defendant.

4. *Action of detinue; there must be evidence of the value of the property.*—On the trial of an action of detinue for cotton, which is in the possession of the defendant under a forthcoming bond, though it may not be necessary to prove the value of each bale of cotton separately, it is necessary to furnish proof by which the jury can ascertain at

[Gerson & Sons v. Norman.]

least the aggregate value of the property sued for; and proof of the "value of the cotton during the year" of its wrongful detention, without any evidence of the grade or quantity, is insufficient, and a verdict rendered upon such evidence is erroneous, and should be set aside on motion for a new trial, based upon the ground that it was not supported by the evidence.

APPEAL from the City Court of Montgomery.

Tried before the Hon. THOMAS M. ARRINGTON.

This was a statutory action of detinue, brought by the appellee against the appellants. The facts of the case are sufficiently stated in the opinion.

In its general charge to the jury, the court gave them the following instruction : "That the agreement of M. D. Eiland of Dec. 7th, 1893, being in writing, spoke for itself, and was to be construed by the court, and that the court charged the jury that said paper, of itself, without any other evidence outside of that writing, gave no lien to M. D. Eiland, and he, therefore, had no lien to tranfer to claimants, unless they found from the evidence that there was a further agreement made by said Eiland to become personally liable for the advances to be made by Gerson & Sons to said Williams for the year 1894." To this portion of the court's general charge the defendants duly excepted.

At the request of the plaintiff, the court gave to the jury the following written charges : (1.) "The written and printed paper in evidence, by which Eiland waived his landlord's lien in favor of Gerson & Sons, does not purport that Eiland became responsible to Gerson & Sons for the advances which they might make to Noah Williams." (2.) "Gerson & Sons can have no landlord's lien for advances unless they show to the satisfaction of the jury, by proof, that Noah Williams agreed to the arrangement between them and Eiland by which they became transferees of Eiland's landlord's lien."

The defendants separately excepted to the giving of each of the charges requested by the plaintiff, and also excepted to the court's refusal to give the following charge requested by them : "That the agreement of M. D. Eiland of Dec. 7th, 1893, being in writing, spoke for itself, and was to be construed by the court, and that the court charged the jury that said paper, of itself, without any other evidence outside of that writing, gave no lien to M. D. Eiland, and he, therefore, had

no lien to transfer to claimants, unless they found from the evidence that there was a further agreement made by said Eiland to become personally liable for the advances to be made by Gerson & Sons to said Williams for the year 1894.''

On the return of the verdict for the plaintiff, and the rendition of judgment accordingly, the defendant moved the court for a new trial, among others, upon the following grounds: ''1. That the verdict in said cause was not supported by the evidence, and was contrary to the evidence. 2. That there was no assessment by the jury of the value of the separate articles sued for, and no proof offered of the value of the separate articles sued for.'' This motion was overruled, and the defendants duly excepted. The present appeal is prosecuted by the defendants, who assign as error the rulings of the court upon the charges asked, and upon the motion for a new trial.

E. P. MORRISSETT, for appellant.—The landlord's lien statute is a remedial one, and should be largely and beneficially construed. Construing the right under which the defendants claim the title to the property sued for, in the light of the collateral facts in evidence, they were entitled to judgment.—3 Brick. Dig. 110, §§ 51, 52, 53; *Boykin v. Bank*, 72 Ala. 262; 1 Brick. Dig., 428, § 2; *Comer v. Bankhead*, 70 Ala. 141; *Sprowl v. Lawrence*, 33 Ala. 674; *Griel Bros. v. Lehman, Durr & Co.*, 59 Ala. 419. The plaintiff is the actor in this suit, and the burden is on the appellee to show that the property sued for is liable to his claim, and when appellants show that they made advances to the tenant in person at the request of the landlord upon the agreement in evidence, it would be defensive matter for the tenant himself, if sued, to show that he had no notice that the appellants claimed a lien: *a fortiori*, the burden is on plaintiff to show that tenant had no such notice.—*Shahan v. Herzberg*, 73 Ala. 62; *Rhodes v. Smith*, 66 Ala. 177. The court erred in overruling the defendant's motion for a new trial. It was clearly the duty of the jury to have found the value of each bale sued for. *Southern Warehouse Co v. Johnson*, 85 Ala. 178; *Jones v. Anderson*, 76 Ala. 427; *Miller v. Jones*, 29 Ala. 186;

*Townsend v. Brooks*, 76 Ala. 308; *Tait v. Murphy*, 80 Ala. 440; *Wollner v. Lehman*, 85 Ala. 275.

SAYRE & PEARSON, *contra*, cited *Bell v. Hurst*, 75 Ala. 44; *Clanton v. Eaton*, 92 Ala. 612.

McCLELLAN, J.—This is an action of detinue prosecuted by Norman against Gerson & Son. Plaintiff showed title to the property—three bales of cotton—under a mortgage executed by Williams, who had grown the cotton on land belonging to Eiland. Defendants claimed the property under an alleged or supposed lien for the price or value of supplies and advances furnished and made by them to Williams to enable him tő plant, cultivate and gather the crop of which this cotton is a part. The mortgage to plaintiff was executed January 6th, 1894. The supplies were furnished by the defendants during that year under the following writing executed by Eiland on December 7, 1893 : "Whereas, Noah Williams has rented from me for and during the year 1894 a two and half horse farm, * * * and whereas said Williams has made application to me to make advances to him in money, or other things of value for the sustenance and well being of the said Williams or his family, for preparing the ground for cultivation, or for cultivating, gathering, saving, handling, or preparing the crop to be raised on said land for market, I do now request A. Gerson & Sons to make all such advances for the purposes aforesaid, and do hereby transfer and assign to the said A. Ge. son & Sons the lien given to me by law for such advances so made by them to the same extent as if they had been made by me for the purpose of securing such adva ces. I further agree that outside of my rent, which is to be eighty-five dollars, I will not claim anything from said Williams until A. Gerson & Sons shall have been paid in full what he may owe them." There was evidence that Eiland's rent had been paid, that Gerson & Sons had furnished supplies &c., for which they had not been paid, and that the cotton in suit "was stored in Marks & Gayle's warehouse in the city of Montgomery, Ala. in the name, and on the account, of Gerson & Sons" in the fall of 1894. There was evidence of the value of cotton during that fall, but no evidence was offered to show the grade or

value of the cotton sued for, or of its weight. The cotton, or its proceeds, at the time of trial was in possession of the defendants under a forthcoming bond. The jury returned a verdict for plaintiff, and assessed the value of the property at $65.48; and judgment was entered accordingly, with writ of seizure.

The exceptions reserved to the charges of the court given at plaintiff's request, and to its refusal to give the charge requested by the defendants, are without merit.

The first charge given for the plaintiff asserts that under the paper, set out above, Eiland did not become responsible to Gerson & Sons for advances they might make to Williams, and this is in line with the construction put upon a very like writing by this court in *Bell & Co. v. Hurst & McWhorther*, 75 Ala. 44.

The second charge given at plaintiff's request and the action of the court in refusing the instruction requested by the defendants are also supported by an adjudication of this court directly in point. It was essential to defendants' claim to subrogation to the lien of the landlord to show that the tenant, Williams, had knowledge of the request of Eiland to Gerson & Sons and of the consequent arrangement for the latter to furnish him supplies &c., at the time, or that he ratified the transaction after notice; and this being a factor in the defense relied on, the burden in respect of it was upon the defendants.—*Clanton v. Eaton*, 92 Ala. 612.

Nor can the appellants take anything by their exception to that part of the court's oral charge which is set out in the abstract. It is clear, as there stated by the court, that the writing of Eiland to Gerson & Sons did not itself confer any lien upon Eiland on the crop of Williams, and what else is there said is correct under *Bell v. Hurst, supra.*

But the court, in our opinion, erred in not granting defendant's motion for a new trial because of failure or absence of proof of value. We do not decide that it was necessary to prove the value of each bale of cotton separately or that the jury should have assessed their separate values. But there should at least have been some reasonably certain data furnished the jury by which to have ascertained and assessed the lump value of the cotton sued for. The only evidence adduced was of "the value of cotton during the fall of 1894." Thus it is

stated in the abstract. If we take this to mean that the values of all grades of cotton at the time this suit was brought were proved, still there is no proof of the grade of this cotton, nor of the quantity of it. We do not feel justified in assigning it to any particular grade nor in assuming that each of the bales contained any certain number of pounds, nor do we think the jury had the right to make such an assignment or to indulge any such assumption. The evidence left the whole matter at large in respect of value, and there is no assurance that the guess of the jury—for it was nothing more—that the cotton was worth $65.48 is not very wide of the mark. It is quite true that, as pointed out for appellee, the bill of exceptions presented here does not purport to set out all the evidence, but there is an affirmative statement in the abstract that "no evidence was offered to show the grade or value of the cotton sued for, or of its weight;" and this statement is not challenged by a counter abstract. The bill of exceptions might well affirmatively support this statement of the abstract though not purporting to set out all the evidence, and we must presume that it did so support the statement in the absence of a counter abstract. The motion for a new trial on the ground that the verdict was not supported by the evidence should have been granted.

Reversed and remanded.