(77 South. 245)

## WILLIS v. WILSON MERCANTILE CO.
### (8 Div. 413.)

(Court of Appeals of Alabama.   Nov. 20, 1917.)

LANDLORD AND TENANT ☞245—LANDLORD'S LIEN—ADVANCES BY THIRD PARTIES.

Under Code 1907, § 4734, giving a landlord a lien for advances by him directly or by another at his instance or request for which he became legally bound or liable at or before the time such advances were made, a landlord had no lien for the price of mules sold the tenant by a third person, where he was not legally bound for the payment of the indebtedness to the third person, but merely promised to see that such third person was paid in case the tenant made anything over what he owed the landlord.

Appeal from Circuit Court, Franklin County; C. P. Almon, Judge.

Action by T. J. Willis against the Wilson Mercantile Company.   From a judgment for defendant, plaintiff appeals.   Reversed and remanded.

Travis Williams, of Russellville, for appellant.   B. H. Sarjent and W. H. Key, both of Russellville, for appellee.

BRICKEN, J.   This is an action of trover, by appellant against appellee, for the conversion of certain cotton, the plaintiff relying upon a mortgage executed by one P. W. Whitley to the plaintiff.   The mortgage offered in evidence described "the entire crop of cotton, corn or other articles of any kind raised or caused to be raised by me and family during the year 1914; also the following property: One bale of cotton weighing 500 pounds, and the seed cotton out of same." This mortgage was signed by Whitley.   One of the contentions of the defendant was that the mortgage had been altered since its execution, and there was evidence tending to show this.   On the other hand, the mortgagee testified that the mortgage had not been changed since its execution.   This, however, under the evidence, was a question for the jury.

Another contention of the defendant was that Whitley was the tenant of R. C. Vincent; that the cotton in controversy was a part of a crop of cotton raised by Whitley on Vincent's place in the year 1914, and that Vincent as landlord had a superior lien for rent and advances to that evidenced by the mortgage under which plaintiff claimed, and that the cotton was sold by the mortgagor, Whitley, to the defendant, and the purchase money therefor was paid over to the landlord.   On the trial, it was admitted by the parties that the indebtedness due by Whitley to Daly, and for which the landlord had become legally liable, was an item of advances for which the landlord had a lien, and evidence was offered by the defendant showing that Whitley purchased two mules from C. C. Vincent, a brother of the landlord, and that Whitley executed a mortgage to said C. C. Vincent for the purchase price of the mules, embracing in the mortgage his crops and the mules as security for the indebtedness.   Vincent's mortgage was executed subsequent to the one under which the plaintiff claimed, and for the purpose of showing that the landlord had a lien for the price of these mules, the defendant offered evidence showing that the landlord agreed with his brother that if he would sell Whitley the mules, and if Whitley made anything over what he owed the landlord, he (the landlord) would see that C. C. Vincent was paid for the mules; the landlord testifying: "I did not agree to pay it personally at all.   I agreed to pay it out of Whitley's cotton if he made it."   It was further shown that there was a balance of $60, after satisfying the landlord's lien for rent and advances, and that this sum of $60 was paid by the landlord to C. C. Vincent on the mortgage executed for the purchase price of the mules.   At the conclusion of the evidence, a motion was made by the plaintiff to exclude the evidence as to the transaction with C. C. Vincent, on the ground that the undisputed evidence showed that R. C. Vincent had not become legally liable for said indebtedness to C. C. Vincent, and therefore had no lien for advances as to this item.   The court overruled this motion, and in this we think the court committed reversible error.   Unless the landlord was legally bound for the payment of the indebtedness to C. C. Vincent, he had no lien.   Code 1907, § 4734; Gerson v. Norman, 111 Ala. 433, 20 South. 453.

Under the evidence, as we have said, it was a question for the jury as to whether or not the mortgage upon which the plaintiff relied had been altered since its execution, and the affirmative charge requested by the defendant was therefore properly refused.

For the error pointed out, the judgment will be reversed, and the cause remanded.

Reversed and remanded.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes